# ALICE BURLING, Admx.

## *v.*

## ILLINOIS CENTRAL RAILROAD COMPANY.

1. ERROR *will not always reverse — improper instructions.* Where it appears, from the evidence, that a verdict is so clearly right that, had it been different, the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions.

2. NEGLIGENCE—*running engine without a headlight.* It is gross negligence for a railroad company to run its trains on a dark night, without a headlight.

3. SAME—*contributory.* Although it is gross negligence for a railroad company to run its trains in the dark without a headlight, yet one who, knowing the time for a train to pass, attempts to pass over the road in a hand car, at a time when the train, if on time, will meet and collide with him, is guilty of such negligence as will prevent a recovery by him.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. B. B. SMITH, Mr. W. R. HUBBARD, and Mr. GEORGE O'MELVENY, for the plaintiff in error.

Mr. GEORGE W. WALL, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant, as administratrix of Wm. Burling, brought this action against the railroad company, for negligently running an engine and train on and killing her husband, whereby she has sustained damage.

It appeared that deceased was employed by the company as a fence builder, and that he lived at Kinmundy; that he was permitted to use one of the hand cars of the company on the railroad track, in going to and from his work, at his discretion; that on the morning of the 6th day of August, 1870, he, on the hand car, went up the road to his work, and sometime after nine o'clock of the night of that day he left Edgewood to return home, by the road, on the hand car. He was killed on the road almost nine and a half miles south of Edgewood, some time after midnight.

The evidence shows that about three o'clock of that day it commenced raining, and did not clear up until about ten o'clock at night, at about which time, we infer from the evidence, Burling left Edgewood for home. The engine-driver testifies that he neither saw him on the track nor felt any jar on the train on coming in collision with the hand car, nor did he know of the accident until informed of it the next or two days after.

It appears, from the evidence, that Burling knew the time of the trains on the road. We also think it was proved that the engine which ran upon and killed him had no headlight,

nor did deceased have a light on his hand car. On these facts the jury found, under instructions given in the case, for the defendant, and the court rendered judgment on the verdict, from which plaintiff prosecutes error.

It is urged that the defendant's erroneous instructions misled the jury to find against the weight of evidence. On the other side, it is claimed that the verdict is right, notwithstanding there may be error in the instructions, and the judgment should be affirmed.

Where a verdict is shown, by the evidence, to be so clearly right that, had it been otherwise, the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions. In such a case it appears, affirmatively, that the party was not injured by such error, and hence has no right to complain. We regard a portion of defendant's instructions as being manifestly erroneous; but is this verdict so clearly right that, had it been in favor of plaintiff in error, we would be required to reverse and refuse to permit it to stand? If so, then this judgment should be affirmed, but if not, then it must be reversed.

It is a high degree of negligence to run trains without a headlight, on a night so dark as this was. It endangers persons and animals that might be on the road, and shows carelessness and disregard for the safety of others. They pass through towns, villages, and by stations, where persons are usually passing at all hours of the night, and we think the evidence largely preponderates in establishing the fact that this train had no such light, and the company were guilty of gross negligence. But, on the other hand, deceased knew the time trains passed on the road, and he exposed himself to the hazard of being run over, by attempting to pass on the road at a time when he knew the train, if on time, would pass where the collision occurred. Notwithstanding he knew this, he, strangely, took the hazard, and the result was no more than any reasonable person would have expected. In fact it is almost impossible to see how, under ordinary circumstances, he could have escaped. It appears that persons on a hand car, in motion,

can not hear the approach of a train on the road, and this he must have known, and, knowing it, it is difficult to determine how he could have reasoned if he expected to escape destruction. It has almost the appearance of deliberately seeking death. Had there been a headlight on the engine, in such a state of weather as is shown by the evidence, it is more than probable he could not have seen its reflection in time to have checked the speed of the hand car, and to have got off and saved himself, so that it is by no means probable, even had there been such a light, that the result would have been different.

But, all of the evidence considered, we are clearly of opinion the negligence of deceased was so great that there is no pretense of a right to recover, and the judgment of the court below is affirmed.

*Judgment affirmed.*