The Baltimore and Ohio Southwestern Railway Co.

v.

Mary Alsop, Admx.

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

1. Appeals and Errors—*putting in evidence after overruling of motion to direct verdict is a waiver.* Putting in evidence to contradict plaintiff's evidence after overruling defendant's motion to direct a verdict, and failing to renew the motion at the close of all the evidence, waives defendant's right to assign such overruling as error.

2. Same—*motion in arrest is properly denied if declaration contains one good count.* A motion in arrest of judgment on the ground that the declaration failed to state any cause of action is properly overruled where there is one good count in the declaration.

3. Same—*alleged error in excluding evidence must be pointed out.* An assignment of error on the exclusion of evidence will not be considered on appeal, where appellant fails to point out the evidence.

4. Evidence—*when proof of failure to sound whistle is competent.* In an action against a railroad company under a declaration charging negligence in running a train at night ahead of time and without a headlight, whereby the plaintiff's intestate, a track-walker in the defendant's employ, was killed, evidence that no whistle was sounded at a highway crossing a quarter of a mile from the place of injury is admissible, not as showing a substantive right of recovery under the averments, but that deceased was not warned of the approach of the train, as provided by law.

5. Railroads—*employee's assumption of risk does not authorize neglect of duties imposed by law.* A track-walker employed by a railroad company assumes the ordinary risks incident to his employment, but such assumption does not relieve the company from the performance of the duty imposed by statute as to the sounding of the engine bell and whistle at highway crossings.

6. Same—*when question of company's negligence is properly submitted to the jury.* Whether a railroad company was guilty of negligence in running its train ahead of time, which overtook and killed a night watchman who was going over the track on a railroad velocipede, is a question which may properly be submitted to the jury. (Cartwright, J., dissenting.)

7. Instructions—*when instruction in action against railroad is not erroneous.* An instruction in an action against a railroad company that if the train in question was running at night without a headlight, by reason whereof the injury was caused, and if to so run the train was negligence, then the plaintiff could recover, is not error.

*Baltimore and Ohio S. W. Ry. Co. v. Alsop,* 71 Ill. App. 54, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Effingham county; the Hon. E. D. Youngblood, Judge, presiding.

Palmer, Shutt, Hamill & Lester, and Wood Bros., for appellant:

A section foreman cannot recover for a personal injury received by being struck by an extra train while he was inspecting the track upon a railroad tricycle,— a conveyance other than that provided by the company for the inspection,—if he failed to keep a lookout for extra trains, where he had worked for the company and was familiar with its rules that no notice would be given of the passage of trains. *Jolly* v. *Railroad Co.* 93 Mich. 370; *Railway Co.* v. *Goss*, 13 Ill. App. 619; *Hammond* v. *Railroad Co.* 83 Mich. 334.

An employee who is injured while on a hand-car by its colliding with a special train going at a high rate of speed without notice, cannot recover where it appears that he knew that the company was in the habit of running special trains without notice. *Pennsylvania Co.* v. *Wachter*, 60 Md. 395; *Railway Co.* v. *Leech*, 41 Ohio St. 388; *Railroad Co.* v. *Armstrong*, 49 Pa. St. 186; *Railroad Co.* v. *Modglin*, 85 Ill. 481.

The mere operation of the train ahead of schedule time would not authorize a recovery. *Relyea* v. *Railway Co.* 112 Mo. 86; 53 Am. & Eng. Ry. Cas. 578.

The mere running of the train without a headlight lighted upon the engine was not such negligence as would authorize a recovery by the plaintiff under the particular circumstances in this case. *Burling* v. *Railroad Co.* 85 Ill. 18.

An instruction which singles out and gives undue prominence to certain facts, ignoring other facts proven and of equal importance in a proper determination of the case, is improper. *Calef* v. *Thomas*, 81 Ill. 479; *Evans* v. *George*, 80 id. 51.

James W. & Edward C. Craig, and E. N. Rinehart, for appellee.

Mr. Justice Phillips delivered the opinion of the court:

This was an action on the case, brought in the circuit court of Effingham county by appellee, against appellant, to recover damages consequent on the death of James H. Alsop, who was killed on the night of February 11, 1895, by a train on appellant's road, where he was employed as a track-walker and watchman.

The declaration alleges in the first and fourth counts that the deceased was employed by appellant as night watchman, and avers "that his duty as such night watchman was to go each and every night from one end of a division or section, to-wit, six miles long, along defendant's railroad track, to-wit, three miles each way from said Beecher City to the other end thereof," and that on February 11, 1895, as he was returning in the night time from the south end of such section, using due care and diligence for his own safety, a freight train of appellant, which was running a half hour ahead of time, ran into, struck and killed him through the negligence of defendant's servants, who were not fellow-servants of the deceased, and who carelessly, improperly and negligently ran said freight train ahead of time. The second and third counts contained similar averments, except, instead of alleging that such train was running ahead of time, the averment was, "then and there the headlight of said locomotive engine was not burning, although it was the duty of the defendant to have the said engine provided with a good and sufficient headlight, and that the defendant, through the carelessness and negligence of its servants whom it had placed in charge of the said engine, in not having the said engine provided with a headlight," ran over and killed James H. Alsop. In the several counts of the declaration it is averred that the deceased

left a widow and children, who, by reason of his death, were deprived of their means of support.

Defendant pleaded the general issue, and a trial was had. At the close of plaintiff's evidence the defendant moved the court to instruct the jury to return a verdict for the defendant, which motion was refused and the defendant excepted, and this ruling of the court is assigned as error. After the motion made at the close of plaintiff's evidence was overruled, the defendant introduced evidence to meet that offered by the plaintiff, and did not renew the motion, at the close of all the evidence, to instruct the jury to find for the defendant, and asked for instructions covering the various phases of the case. Where a defendant moves to instruct the jury, at the close of the plaintiff's evidence, to find for him, and that motion is overruled and he fails to stand by it, but introduces evidence to contradict that of plaintiff, and fails to renew the motion at the close of all the evidence, then the motion made at the close of plaintiff's evidence must be considered as waived. (*Joliet, Aurora and Northern Railway Co.* v. *Velie,* 140 Ill. 59; *Chicago City Railway Co.* v. *Van-Vleck,* 143 id. 480; *Ames & Frost Co.* v. *Strachurski,* 145 id. 192; *Harris* v. *Shebek,* 151 id. 287.) The defendant being thus in the position of having waived its right to assign error in overruling the motion made at the close of plaintiff's testimony, the question is not before us on this record.

From the facts it appears that about eleven o'clock on the night of February 11, 1895, the deceased was returning from the south end of his section towards Beecher City on a railroad velocipede, and while passing over a long line of trestle-work, which had been filled in with earth to within about two feet of the top, was overtaken, run over and killed by a freight train of appellant, which was running at the speed of about twenty miles an hour and was about half an hour ahead of time. There was evidence also showing that at Altamont, the first station south of Beecher City, the headlight on the locomotive

was not burning. On this question there was conflict in the evidence. Plaintiff recovered a judgment for $4500, which was affirmed by the Appellate Court for the Fourth District, and this appeal is prosecuted.

A demurrer was interposed to the declaration, which was withdrawn and plea filed. After verdict a motion for a new trial was entered, which was overruled. A motion in arrest of judgment was then entered, which was also overruled and judgment entered on the verdict. The point made on the motion in arrest of judgment was, that the declaration failed to state any cause of action. The second and third counts of the declaration alleged there was no headlight burning on the locomotive. This was an averment of a fact which would be sufficient to constitute negligence on the part of the company, and the rule is, if one count in a declaration is good a motion in arrest of judgment will be overruled. It is a high degree of negligence to run a train without a headlight on a dark night, as this was shown to be. (*Burling* v. *Illinois Central Railroad Co.* 85 Ill. 18.) It was not error to overrule the motion in arrest of judgment.

Appellant assigns eight errors·on this record, the first of which is that the court erred in admitting improper evidence for plaintiff, and the second is that the court erred in refusing to admit proper evidence for defendant. Appellant fails to point out any evidence excluded, and the second assignment of error is therefore not well taken.

A witness who lived twenty-seven rods east of a road crossing, and a quarter of a mile south of where the accident occurred, was permitted to testify that he saw the freight train when it crossed the public highway and heard no whistle. This evidence would not be material as showing a substantive right of recovery under the averments of this declaration, but would be admissible as tending to show that the deceased was not aware of the approach of the train and was not notified of its approach. The assumption of risk by a track-walker in the

discharge of the duties for which he is employed includes all risks incident to his employment. But such assumption of risk does not release the railroad company from the discharge of a duty imposed upon it by the statute, which provides that on approaching a street or road crossing a bell must be sounded. The discharge of this statutory duty by the corporation might give notice to one situated as was the deceased, of the approach of the train, and cause him to use a degree of care and caution commensurate with his danger, and for this purpose the evidence would be admissible. The first assignment of error is therefore not well taken.

The third assignment of error is, that the court erred in refusing to instruct the jury to find a verdict for the defendant at the close of the plaintiff's evidence. The seventh assignment of error is the overruling of the motion in arrest of judgment. What we heretofore have said disposes of these assignments adversely to appellant's contention.

It is insisted that there was error in giving instructions for the plaintiff. The first instruction was to the effect that if the deceased, in the discharge of his duty, was going along the track on a velocipede, using care and caution such as would be used by an ordinarily prudent man, and was killed by defendant's engine and train which were running ahead of schedule time, and as a result of so running ahead of time, and if the running of the train ahead of time was negligence, the plaintiff could recover. (*Chicago, Burlington and Quincy Railroad Co.* v. *George*, 19 Ill. 510.) The duties of the deceased required him to pass over the road in the night time, and it is but reasonable to assume that he knew of the schedule time of trains. A man on a hand-car or a velocipede of this character would not ordinarily hear an approaching train, and his situation would be rendered exceedingly dangerous if each train crew might, at their pleasure, run their train ahead of schedule time. Whether such acts on

the part of the train crew constituted negligence under the circumstances could properly be submitted to a jury. We hold it was not error to give the first instruction.

Objection is taken to the second instruction, which was to the effect that if the train which caused the injury was running without a headlight and by reason thereof the injury was caused, and that to so run the same without a headlight was negligence, then the plaintiff could recover. In the discussion of the motion in arrest of judgment we have, in effect, disposed of the objection to this instruction, and it was not error to give the same.

A discussion of the other instructions given for the plaintiff, with reference to the care and caution that must be used, as to the degree of proof required of each particular fact, and as to the measure of damage, would unduly extend this opinion. From a careful examination of the instructions we find no reversible error.

The facts having been settled by the Appellate Court, by the questions of law herein determined the judgment of the Appellate Court for the Fourth District must be affirmed.

*Judgment affirmed.*

Mr. Justice Cartwright, dissenting:

I cannot agree to the rule stated in this opinion, that, as between appellant and its track-walker, whose duty it was to look out for trains and keep out of their way, the fact that the train was not running on schedule time tended to prove negligence or was proper to be submitted to the jury as a basis for a verdict. Of course, it can make no difference that the train in this case was on the time-table. The only material fact was that the deceased had no notice from the time-table that a train would pass at that time, and the condition would have been the same if the train had been an extra. Under the rule stated, an extra or special train could not be started or a train run at an irregular time until every track-walker, watchman and employee had been found and notified that it was

going to be run. This would seriously interfere with public interests as well as the rights of the employer. In the case of *Chicago, Burlington and Quincy Railroad Co.* v. *George,* 19 Ill. 510, cited in the opinion, a passenger was injured in a collision of defendant's train with the train of another railroad company on a track of which they had the joint use, where the train of the other company was running on its regular time with a right to the track and defendant's train was nearly five hours behind its time, and where a collision was almost inevitable. The duties and rights of the parties, as well as the facts, are so different in the two cases that I can see no similarity between them.