# THE WEST CHICAGO STREET RAILROAD COMPANY
## *v.*
## JOSEPH JOHNSON.

*Opinion filed June 21, 1899.*

1. STREET RAILWAYS—*street railway company must use high degree of care toward passengers.* It is the duty of a street railway company to use the highest degree of care and caution consistent with the practical operation of the road to secure safety to its passengers.

2. SAME—*what does not necessarily relieve company from liability.* A street railway company is not necessarily and as a matter of law relieved from liability for an injury to a passenger occasioned by the flying back of an iron brake-lever in the gripman's aisle where the passenger was obliged to stand owing to the crowded condition of the car, by the fact that the gripman requested the passenger to leave his position without informing him of the peril.

*West Chicago Street R. R. Co. v. Johnson,* 77 Ill. App. 142, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

ALEXANDER SULLIVAN, (EDWARD J. McARDLE, of counsel,) for appellant.

JOHN F. WATERS, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

A judgment for $3000 being affirmed in the Appellate Court, this appeal is prosecuted.

Defendant operates a cable car line, and the injuries sued for were received by appellee, then a boy about sixteen years of age, while a passenger on one of its cable cars, and were occasioned by the sudden flying back of an iron brake-lever, the end striking him on the leg. The car in which appellee was riding was a combination passenger and grip-car, partly divided by an aisle, in which ordinarily no one but the gripman stands and in which

the levers controlling the car are operated. The Appellate Court finds that there was sufficient evidence to justify the jury in finding that the train was so crowded as to warrant the appellee in pushing past other passengers into the gripman's aisle, where, it appears, it was not unusual for passengers to stand when riding on similar cars operated by appellant, under like circumstances. There was evidence tending to show that at the time in question several other passengers were standing in the aisle. Appellee stood nearest the gripman. He had been riding in that position for only about two blocks. The evidence is conflicting as to whether the gripman told appellee to move back or motioned or pushed him back. The Appellate Court finds the jury were warranted by the evidence in finding negligence by appellant and due care on the part of appellee.

A motion was asked and refused, at the end of plaintiff's testimony, to find for the defendant. This was not renewed at the close of all the testimony, except as it was included in and made one of the series of instructions asked by the defendant. The exception for its refusal must therefore be considered waived. *Baltimore and Ohio Southwestern Railway Co.* v. *Alsop*, 176 Ill. 471.

Appellant contends that error was committed in the giving for the plaintiff of the third and fifth instructions. These instructions are as follows:

3. "The court instructs the jury, as matter of law, that it is the duty of a railroad company to use the highest degree of care and caution, consistent with the practical operation of the road, to provide for the safety and security of passengers while being transported.

5. "If, from the evidence and under these instructions, you find the defendant guilty, then, in determining the amount of damages, if any, which the plaintiff may recover in this case, the jury have a right to, and they should, take into consideration all the facts and circumstances in evidence before them; the nature and extent

of plaintiff's physical injuries, if any, testified about in this case, and, so far as shown by the proof, his suffering in body and mind, if any, shown by the evidence to be resulting from such injuries, if any, and also such prospective suffering and loss of health, if any, as the jury may believe, from the evidence before them in this case, he has sustained or will sustain by reason of such injuries, and may find for him such sum as in the judgment of the jury, under the evidence and instructions of the court, will be a fair and actual compensation for the injuries he has sustained, if any, so far as such damage and injuries, if any, are claimed and alleged in the declaration herein."

Appellant admits that the third instruction states an abstract proposition of law correctly, but contends that it was inapplicable. The principle announced in this instruction has been held to be the law in *Illinois Central Railroad Co.* v. *O'Connell*, 160 Ill. 641, and *North Chicago Street Railway Co.* v. *Cotton*, 140 id. 486. But appellant contends that it is too general and fails to confine the jury's attention to the issues raised by the plea, and that it disregards the fact that the alleged negligence for this omission is relative, and depends upon the circumstances and the relations of the plaintiff and the defendant at the time of the injury. In this view we do not concur. The declaration alleged that the brakes and grip and appurtenances were in bad order and condition, and the testimony tended to prove this allegation. Further, defendant's ninth and twentieth instructions fully protected the appellant from any misunderstanding or misconception by the jury of this instruction. The substance of the fifth instruction is held to be the law in the case of *Illinois Central Railroad Co.* v. *Cole*, 165 Ill. 334.

Complaint is made of the refusal of the court to give defendant's twenty-fourth instruction asked, which is as follows:

"The jury are instructed that if they believe, from the evidence, that the defendant's gripman who was oper-

ating the grip-car in question requested the plaintiff to leave the position he was in, at or just before the time of the accident and injury herein complained of, and if the jury also believe, from the evidence, that the plaintiff refused to do so or at first did so and then went back to the same position when the gripman's back was turned, and if the jury also believe that the plaintiff's own conduct contributed in any way to bring about the accident to himself which resulted in the injuries herein complained of, then the plaintiff cannot recover and the verdict should be not guilty."

In this refusal there was no error. As above stated and as found by the Appellate Court, appellee had been accepted as a passenger, and as such was, of necessity, entitled to space in the car, and the mere suggestion or request on the part of the motorman that he leave the position taken by him, without informing him of the peril, taking into consideration the crowded condition of the car, was a question of fact to be determined by the jury and not to be determined by the court in an instruction.

The remaining objection is that improper remarks were made by counsel for appellee in the closing argument, and appellant's counsel contend that the minds of the jury were unduly excited and aroused by the eloquent but improper remarks. Objections were interposed, but only one ruling of the court was obtained, and we fail to find any error therein. This court has laid down the rule by which it will be guided in the determination of such questions in *North Chicago Street Railway Co.* v. *Cotton,* 140 Ill. 486.

Finding no substantial error in the record, the judgment of the Appellate Court for the First District and the judgment of the superior court of Cook county are each affirmed.                              *Judgment affirmed.*