## Chicago Union Traction Company v. Maud McGinnis, by next friend.

### Gen. No. 10,793.

1. WANTON NEGLIGENCE—*what not essential to recover for injury sustained by reason of.* In such a case it is not necessary to allege or prove the exercise of ordinary care.

2. WANTON NEGLIGENCE—*what proof essential to establish.* Where a child has been injured by being struck by a motor-car and there is no evidence tending to show that the motorman in control of the car saw the child in time to stop the car and avoid the injury, and there is no evidence from which an inference can be drawn that he purposely and intentionally ran his car against her, it must appear from the evidence, drawing from it the inferences and conclusions unfavorable to the defendant which might justly and properly be drawn, that the negligence of the motorman was so gross as to amount to wilful or wanton negligence.

3. CONTRIBUTORY NEGLIGENCE—*at what age a child may be guilty of.* A child of ten years may be guilty of such contributory negligence as to bar a recovery for personal injuries.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed December 4, 1903. Opinion modified and rehearing denied January 22, 1904.

**Statement by the Court.** This is an appeal from a judgment for three thousand dollars recovered by appellee against appellant in the Superior Court in an action for personal injuries. The declaration contains two counts. The first alleges that the defendant carelessly and negligently ran its car upon and against the plaintiff and injured her; the second, that the defendant by its servants, did wantonly and wilfully drive and run its car upon and against the plaintiff and injure her. There was a plea of not guilty.

The evidence showed that the plaintiff at the time of the injury was between ten and eleven years of age; that she started to cross Randolph street from the northwest corner of Ann. Defendant had in Randolph street two street car

tracks, the north, the west-bound, the south, the east-bound; the distance between the tracks is four feet and ten inches. A wagon was going west in the north track, and an electric car of defendant east in the south track. Plaintiff crossed the north track immediately behind the wagon, passed the space between the tracks onto the south track and then was struck by said electric car and injured.

JOHN A. ROSE and LOUIS BOISOT, for appellant; W. W. GURLEY, of counsel.

JOHN F. WATERS and JOHNSON & BAKER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

We shall assume without discussion what appellant's counsel admit for the sake of the argument, that there was "sufficient evidence tending to show negligence on the part of the defendant to justify the submission of that question to the jury." Plaintiff was entitled to a verdict if she maintained by a preponderance of the evidence, either of two contentions: first, that she exercised ordinary care and the defendant was guilty of negligence which caused the injury, as charged in the first count; or, second, that the defendant wantonly and wilfully drove and ran the car against her and injured her, as charged in the second count of her declaration.

To recover on the ground of the negligence of the defendant, plaintiff was bound to prove that she was herself in the exercise of ordinary care; to recover on the ground that the defendant wantonly and wilfully injured her, she was not bound to allege or prove that she exercised ordinary care for her own safety, for when one person wantonly and wilfully injures another, the injured person may recover from the wrong-doer, although his negligence contributed to the injury. A child of ten years may be guilty of such contributory negligence as to bar his recovery for injuries caused by the negligence of another. Heinmann v Kinnare, 190 Ill. 156.

In this case it is contended by the appellant that the evi-

dence conclusively shows that plaintiff was guilty of such contributory negligence as to preclude her recovery upon the ground of the negligence of the defendant. With this contention we cannot agree, but hold that the question whether plaintiff was guilty of contributory negligence was a question for the jury. The case was not, however, submitted to the jury upon the issue joined as to the negligence of the defendant and the exercise of proper care of plaintiff alone.

Plaintiff, as we have seen, charged in the second count of her declaration that defendant wantonly and wilfully injured her. If the jury found for her under that count, they would have no occasion to inquire or decide whether her act and conduct in stepping upon the south track of defendant when a car in plain sight not far away was coming toward her, did or did not constitute negligence. The case was submitted to the jury upon the issues joined upon the second as well as upon those joined upon the first count, upon the charge that defendant wantonly and wilfully injured her as well as upon the charge that it did so negligently. The instructions requested by defendant were so modified as to submit to the jury the issue joined upon the second as well as those joined on the first count. Two of the instructions so modified are as follows, the modifications consisting in adding the clauses here printed in italics:

9. "If the jury believe from the evidence under the instructions of the court that there was no negligence *or wilful and wanton conduct* on the part of the defendant in operating said car at the time and place in question, but that nevertheless the plaintiff was injured, then the court instructs the jury to find the defendant not guilty.

13. If the jury believe from the evidence, under the instructions of the court, that the plaintiff was negligent and that her negligence, if any, was the sole cause of the injury herein complained of (*and that there was no such wilful and wanton conduct on the part of the defendant as charged in said second count*), then they should return a verdict of not guilty, or even if the jury believe from the evidence that the defendant was negligent, still, if the jury believe from the evidence, under the instructions of the

court, that the plaintiff at the time of the alleged injury failed to exercise ordinary care for one of her age, discretion and experience for her own safety, and that such failure, if any, proximately helped in any way to bring about the accident which resulted in the alleged injury to the plaintiff, then they should return a verdict of not guilty (under the first count of said declaration)."

Whether the second count and the issues joined thereon should have been submitted to the jury depends upon the question whether the record discloses evidence upon which the jury might properly find the issues upon that count for plaintiff—might find that the defendant wantonly or wilfully injured the plaintiff. There is in the record no evidence tending to show that the motorman in control of the car which struck the plaintiff saw plaintiff in time to stop the car and avoid injuring her, nor any evidence from which an inference that he purposely and intentionally ran his car against her can justly be drawn. In the absence of evidence of actual intention to injure, the decision of the question under consideration turns upon the question whether from the evidence, drawing from it the inferences and conclusions most unfavorable to the defendant which they might justly and properly draw, the jury in this case might find that the negligence of the motorman of the defendant was so gross as to amount to wilful or wanton conduct on his part. No witness testified that the car was going at an unusual rate of speed or at a rate greater than that permitted by the ordinances of the city. But one of plaintiff's witnesses expressed an opinion as to the rate of speed in miles per hour of the car, and he, after stating that it was going at the regular rate, that he could not tell how many miles per hour it was going, in answer to the question how fast in his judgment it was going, said it was going fifteen miles per hour. Some of the other witnesses say that the car was going at ordinary speed; others that it was going at less than ordinary speed; and there is the usual conflict of testimony as to whether a gong was sounded or other signal given as the car approached Ann street.

In L. S. & M. S. R. R. Co. v. Bodemer, 139 Ill. 596, it was

held by a divided court that the injury to the plaintiff in that case would be regarded as the result of "such gross want of care and regard for the rights of others as to justify the presumption of wilfulness or wantonness." In the course of the opinion it was said : "What is meant by such gross negligence as evidences wilfulness ? 'It is such a gross want of care and regard for the rights of others as to justify the presumption of wilfulness or wantonness.' 2 Thompson on Negligence, 1264, sec. 52. It is such gross negligence as to imply a disregard of consequences, or a willingness to inflict injury. Deering's Law of Negligence, sec. 29." In that case a railroad passenger train drawn by a locomotive "was travelling at the unusual speed of 35 or 40 miles per hour in the crowded city of Chicago; over street crossings upon unguarded tracks * * * in conceded violation of a city ordinance as to speed and without warning of the approach of the train by ringing a bell." Here an electric car with one trailer was running on a public street at the ordinary and permitted rate of speed, and assuming that no signal was given as the car approached Ann street, in our opinion the negligence of the motorman was not such as to imply a "disregard of consequences or a willingness to inflict injury," nor such as to justify or support the presumption or inference of wantonness or wilfulness, and, therefore, in our opinion, the court erred in modifying the instruction asked for by the defendant and thereby submitting to the jury the question whether the defendant wantonly or, wilfully injured the plaintiff.

But there is another objection to the modification of some if not all of the instructions which were modified. The ninth instruction as asked by the defendant was as follows : "If the jury believe from the evidence under the instructions of the court that there was negligence on the part of the defendant in operating said car at the time and place in question, but that nevertheless the plaintiff was injured, then the court instructs the jury to find the defendant not guilty." As modified and given it was as fol-

lows: "If the jury believe from the evidence under the instructions of the court that there was no negligence (or wilful and wanton conduct) on the part of the defendant in operating said car at the time and place in question, but that nevertheless the plaintiff was injured, then the court instructs the jury to find the defendant not guilty." The modification might be proper if there had been any evidence that the motorman purposely or intentionally injured the plaintiff, but in this record there is no such evidence.

The contention of appellee is that the evidence shows such gross negligence on the part of the motorman as to warrant a jury in drawing the inference of wanton and wilful conduct on his part. Plaintiff's right to a verdict on either count is based upon the negligence of the defendant. Before the jury could find a verdict in the case upon either count they must find that the acts and conduct of the motorman in the control of the car which injured plaintiff amounted to negligence. True, to find the defendant guilty under the second count, they must find a much greater degree of negligence than was required to find a verdict of guilty under the first count, but under the second count they must first find the fact of gross negligence and then infer from the fact of gross negligence the fact of wilful or wanton conduct.

The ninth instruction as given, in effect tells the jury that they may find the defendant guilty of wanton or wilful conduct although they believe from the evidence "that there was no negligence on the part of the defendant in operating said car at the time and place in question."

In our opinion, for the reasons and upon the grounds indicated, it was error to give to the jury this instruction as modified. We are further of opinion that the defendant was entitled to have said instruction given to the jury as asked, to have the court instruct the jury in terms "that if they believed from the evidence that there was no negligence on the part of defendant in operating said car at the time and place in question they should find the defendant not guilty," and no such instruction was given in this case.

The judgment of the Superior Court will be reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice STEIN having presided at the hearing of this case in the trial court, did not participate in the foregoing decision.