The Lake Shore and Michigan Southern Railway Co.

*v.*

Michael Enright.

*Opinion filed April 18, 1907—Rehearing denied June 6, 1907.*

1. Pleading—*when declaration states a good cause of action.* A declaration alleging that the plaintiff was a locomotive fireman employed by a certain railroad company; that said company kept drinking water for its employees at a certain place; that the plaintiff had a lawful right to go there for water, and that while doing so, having left his engine for that purpose and using due care and caution for his safety, he was struck and injured by a train of the defendant company, which was using his employer's tracks by permission, states a good cause of action, even though it might be insufficient if tested by demurrer.

2. Same—*when permission and authority are implied—limitations.* Averments in a declaration that the plaintiff was employed by a certain railroad company and that such company kept drinking water for its employees at a certain place near its tracks, imply permission and authority from said company to its employees to go

to such place for water, and, if necessary, to cross its tracks in going there, and hence an amended count expressly alleging such permission and authority does not set up a new cause of action.

3. Negligence—*when a locomotive fireman is not necessarily guilty of contributory negligence.* A locomotive fireman is not necessarily guilty of contributory negligence in stepping from his engine to the ground and starting across other tracks to get a drink of water at a place provided by the company, where there is evidence that the night was dark, that he looked both ways before stepping off, and that the engine which struck him was backing at an unlawful speed, with a dim and smoky headlight and without any ringing of the bell.

4. Instructions—*an instruction leaving question to jury should leave them free to determine the question.* An instruction requested for the purpose of leaving the question to the jury whether the plaintiff was a licensee upon the railroad track where he was injured should leave the jury free to determine such question, and is properly refused where it is so worded as to give the jury to understand that the defendant owed the plaintiff no duty.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Charles A. Bishop, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a judgment of the superior court of Cook county against appellant, in favor of appellee, for $6000.

Appellee was employed by the Chicago Junction Railway Company as fireman on one of its switch engines, and at the time of his injury he was working nights. The Chicago Junction Railway Company was operating a railroad at the stock yards in the city of Chicago, and appellant and other railroads had permission from that company to use its tracks in going to and returning from the stock yards. On the night of October 31, 1902, at about half-past eight o'clock, appellee received the injury for which this suit is brought. At the place where the injury occurred the Chicago Junction company's tracks ran in a general east and west direction but with a curve south to a

noticeable degree. There were four main tracks at this point, numbered, from the north, 1, 2, 3 and 4. Nos. 1 and 3 were for use by east-bound trains. There were on the engine with appellee at the time of the injury the engineer and a student fireman. On the north side of the Chicago Junction company's tracks was a small building called the west end office or shanty, where drinking water was kept for the company's employees. This building is between two hundred and three hundred feet west of a public street known as Packers avenue. The engine the appellee was on was using track No. 4. Appellee notified those on the engine with him he intended getting off at the west end office to get a drink of water. The engine was to proceed only a short distance further west, when it was to cross over to another track and come back east, the appellee intending to board it again as it did so. Accordingly, after the engine had passed over Packers avenue and was substantially opposite the building in which the water was kept, appellee left his engine and stepped on the ground. To get to the building he would have to cross over tracks 3, 2 and 1, in the order named. In attempting to do this he was struck and injured by an engine of appellant under the control of its servants, moving eastward on track 3.

The original declaration which was filed June 26, 1903, charged that appellee was employed as fireman by the Chicago Junction Railway Company, and that while so employed, and while in the exercise of due care for his own safety, he attempted to cross one of its tracks, and that the appellant, through its servants, was operating an engine moving eastward over said tracks, and in doing so wrongfully and carelessly failed to ring a bell, in violation of a city ordinance, in consequence of which the injury occurred. A demurrer was sustained to this declaration, and October 6, 1904, an amendment was filed, which added to the declaration the allegation that the injury occurred while the appellee was passing from his engine to the office of the

Chicago Junction Railway Company, where drinking water was kept, to get a drink of water, as he had a lawful right to do. A demurrer was sustained to this declaration, and an amended declaration was filed December 3, 1904. That part of the declaration in controversy reads as follows: "And the plaintiff further alleges that at the time and place aforesaid he was employed by the said Chicago Junction Railway company as fireman, to work upon and in connection with one of its said locomotives, and at the time and place aforesaid, while he was employed as such fireman, he attempted to cross one of the said Chicago Junction Railway Company's tracks at said stock yards, in passing from his engine, where he had been discharging his duties as such fireman, to the office of the Chicago Junction Railway Company, where drinking water was kept, to get a drink of water, as he alleges he had a lawful right to do and the consent and permission of his said employer to do; and the plaintiff alleges that in passing from his said engine to said office, and in order to get said drink of water, he was required to cross said track, and while doing so, and while, as he alleges, he was exercising ordinary care and caution for his own safety, the defendant," etc. To the amended declaration the appellant pleaded the general issue and the Statute of Limitations. The court sustained a demurrer to the plea of the Statute of Limitations. The cause was tried by jury, and resulted, as before stated, in a judgment in favor of appellee, which judgment has been affirmed by the Appellate Court, and this further appeal is prosecuted.

Glennon, Cary, Walker & Howe, for appellant.

James C. McShane, for appellee.

Mr. Justice Farmer delivered the opinion of the court:

It is first contended by appellant that neither the declaration as originally filed nor as first amended stated a cause of action; that the first time a cause of action was

stated was when the amended declaration was filed, December 3, 1904, and as this was more than two years after the cause of action accrued, the court erred in sustaining a demurrer to the plea of the Statute of Limitations. The principal argument of appellant upon this question is, not that the declaration, either in its original form or as first amended, did not sufficiently charge appellant with negligence, but that it failed to show appellee's right and that appellant owed him a corresponding duty, or that appellant had by a wrongful act violated any right of appellee or any duty it owed to him.

Numerous decisions of this court are cited to support the proposition that where the original declaration fails to state a cause of action, and by amendment a new cause of action is introduced after the time fixed by the statute for bringing the suit has elapsed, a plea of the Statute of Limitations is a good plea. This rule is too well settled to admit of discussion.

The declaration, as first amended, in substance alleged that appellee was employed by the Chicago Junction Railway Company as a fireman on a locomotive engine operated over tracks belonging to the said company; that said railway company kept drinking water for its employees in its office; that appellee had a lawful right to go to the building where the drinking water was kept, for the purpose of getting a drink, and that while he was passing from his engine to said building to get a drink of water, with due care and caution, he was struck and injured by appellant. It is contended this does not state a cause of action because it does not show that appellant owed appellee any duty; that there is no averment that appellee was injured while in the discharge of his duties as fireman, nor that he had the consent and permission of his employer to cross over its tracks. Much reliance is placed upon the case of *McAndrews* v. *Chicago, Lake Shore and Eastern Railway Co.* 222 Ill. 232. It will be found the allegations

of the declaration held in that case to not state a cause of action were much more meager than they are in this case. We are of opinion the declaration as amended October 6 stated a good cause of action, even if it was stated defectively, and would have been good after verdict. A verdict will aid a defective statement of a cause of action but will not aid a statement of a defective cause of action. (*Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100; *Gerke* v. *Fancher,* 158 id. 375; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 id. 161; *Keegan* v. *Kinnare,* 123 id. 280.) The amended declaration, the sufficiency of which is not questioned, introduced no new cause of action. The averment of the declaration as first amended, that the Chicago Junction Railway Company had provided drinking water for its employees at a certain place, necessarily implies permission and authority to said employees to go to the place the water was kept to get it, and if it was necessary, in so doing, to cross or go upon the Junction company's tracks, said employees would clearly have the right to do so and were not trespassers in so doing. It will be observed that the averments of the declaration out of which the respective rights and duties of the parties arise do not depend upon the bare allegation that appellant owed the appellee a duty or that he was lawfully on the track when injured, as was the case in *Mackey* v. *Northern Milling Co.* 210 Ill. 115, but such facts are averred, though imperfectly, it may be, as to show the existence of such duty and such right. These allegations also show that this duty was not merely that owed by a railroad company to a licensee or trespasser upon its tracks. That appellee was in the employment of the Chicago Junction Railway Company and acting in the line of his employment and the scope of his authority in going to the place to get a drink where water had been provided by his employer for that purpose, is sustained by *Heldmaier* v. *Cobbs,* 195 Ill. 172, *East St. Louis Connecting Railway Co.* v. *Altgen,* 210 id. 213, *Spry Lumber Co.*

v. *Duggan,* 182 id. 218, and *Pennsylvania Co.* v. *McCaffrey,* 139 Ind. 430. Under such circumstances appellant owed appellee the duty of exercising reasonable care and caution not to injure him, and we agree with the Appellate Court that the trial court properly sustained the demurrer to the plea of the Statute of Limitations.

It is also contended that the trial court erred in refusing to direct a verdict for defendant. In addition to the legal grounds urged in support of this position, which we have above disposed of, it is insisted that the proof shows appellee was not in the exercise of due care and caution for his own safety but that his injury resulted from his own negligence. While counsel on both sides have copied extensively from the testimony in their arguments and have made elaborate discussions of the facts, it is only necessary for us to say that the proof tended strongly to show that the appellant was guilty of running its engine at a speed of from twelve to fifteen miles an hour with an insufficient headlight and without ringing a bell, as required by ordinance. On this question the Appellate Court said: "There was evidence that the night was dark, through smoke; that the plaintiff looked both west and east before and after he got onto the step of the engine, and that there were ties on the ground between the tracks, the presence of which compelled his attention at the moment of stepping off in order that he might drop off on a clear space. Besides this, there was evidence tending to show that the headlight at the rear of the tank on the backing Lake Shore engine which ran onto him was dim and smoked and that no bell was ringing,—matters which, if they were true, might affect the question of the negligence of plaintiff in crossing the track when he did as well as the question of the negligence of the defendant. The plaintiff had a right to expect that the engine bell would be ringing and the headlight properly burning. (*Chicago City Railway Co.* v. *Fennimore,* 199 Ill. 9.) Again, there was evidence that at this

· particular time engines were infrequently upon this track, and that plaintiff's fellows in the crew of the engine, and who were in a better position to see the approach of the engine, did not do so until it was practically abreast of them." The evidence as to the manner in which appellee left his engine and went upon the track where he was struck and injured is not of a character that it can be said, as a matter of law, he was guilty of negligence. There was no error in denying the motion to direct a verdict and submitting the facts to the jury.

It is next insisted that the court erred in refusing instructions Nos. 11, 12, 13 and 14 asked by the appellant. Counsel say the court having ruled against appellant upon its theory of the case that the plaintiff was a licensee at the time he was struck and therefore not entitled to warning, these instructions were presented for the purpose of submitting to the jury for its determination the question whether appellee was a licensee at the time of his injury. The evidence showed that it had been the custom of the Chicago Junction Railway Company for years to keep drinking water for its employees at the office mentioned, and it had been the custom of the employees to get off their engines and go there for their drinking water. The refused instructions cover three printed pages of the abstract, and are so worded that if they had been given the jury would very likely have understood them to mean that appellant owed appellee no duty. If the question were one proper to be submitted to the jury, the instructions should have been so framed as to leave the jury free to determine the question. This the refused instructions did not do, and they were properly refused.

There is no reversible error in this record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*