SECOND DISTRICT—APRIL, 1911.        379

Ehrlich v. Chicago Great Western Railroad Co., 160 Ill. App. 379.

## Rudolph Ehrlich, Appellee, v. Chicago Great Western Railroad Company, Appellant.

### Gen. No. 5415.

1. ORDINARY CARE—*when allegations of, not essential.* Where an injury is alleged to have been inflicted upon the plaintiff by the wilful and wanton act of the defendant, it is not necessary to allege or prove that the plaintiff was in the exercise of due care.

2. INSTRUCTIONS—*when erroneous in withdrawing right to recover for wilful injury.* The allegations of a cause of action sounding in tort are divisible and notwithstanding each count of the declaration alleges both a negligent and a wilful injury and the exercise of ordinary care recovery may be had upon proof of wilful injury without proof of ordinary care; therefore, an instruction which tells the jury that the plaintiff is not entitled to recover in the absence of proof of the exercise of ordinary care, is erroneous.

3. NEGLIGENCE—*what tends to establish both actual and wanton.* Evidence which shows that a freight train was running through a hamlet at a rate of speed from 20 to 25 miles per hour in the night time without a headlight on the engine, tends to establish negligence both actual and wanton.

4. NEGLIGENCE—*when failure to observe statute as to ringing of bell approaching highway, does not confer cause of action.* The failure to ring a bell 80 rods before reaching a highway does not confer a cause of action in favor of one who was at the time upon the right of way of a railroad company 40 rods beyond the crossing in the opposite direction from which the train was approaching; but these facts are competent upon the question of the exercise of ordinary care.

5. TRESPASSER—*who upon right of way not. Held.* that an employe whose death resulted from the accident in question in this case though not at the time acting in the discharge of his duties was under the evidence not a trespasser upon the right of way of the railroad company, his employer.

Action in case for personal injuries. Appeal from the Circuit Court of Jo Daviess county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 21, 1911.

SHEEAN & SHEEAN, for appellant; JOHN BARTON PAYNE, of counsel.

380    APPELLATE COURTS OF ILLINOIS.

Ehrlich v. Chicago Great Western Railroad Co., 160 Ill. App. 379.

T. J. FITZPATRICK and F. J. CAMPBELL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Rudolph Ehrlich was struck by a fast freight train of the Chicago Great Western Railway Company about two o'clock A. M. of December 30, 1908, at a hamlet called Aiken and was injured. He brought this suit to recover damages therefor and had a verdict and a judgment for $3,500 from which the railroad company appeals.

At the time the accident occurred the road was operated by receivers and much space is occupied in the declaration with averments to show the liability of appellant for the torts of the receivers, but those allegations do not need to be stated. The first count of the declaration charged that appellee was fireman on a helper engine, as hereinafter stated, and removed his clothes from the engine; and that as he was doing so appellant ran a certain train No. first 61 without any headlight burning on said engine, and thereby while appellee was rightfully upon the railroad track and not being able to see said train because of the absence of a headlight, appellee was struck and injured. The second count contained like allegations that said train was run without a headlight burning so that it could be seen by a person crossing said track, and that appellee, rightfully on said track, was not able to see said train because said headlight was burning so dimly, and he was thereby struck and injured. The third count contained like allegations except that the cause of the injury was alleged to be that said train No. first 61 drove to and across a certain public highway a short distance from where appellee was then, and that appellee listened for the whistle and bell but no bell was rung or whistle sounded eighty rods from the crossing and kept ringing and whistling till said crossing was reached, and thereby appellee, relying upon said signals being given to warn him of the approach of said

train, was struck and injured.  The fourth count alleged that appellee listened for the signal necessary to be given upon approaching a station by a long blast of the whistle, and that said train No. first 61 ran into and through said station of Aiken without blowing said signal to give warning of its approach, and for lack thereof appellee was struck and injured.  Each count averred that the act of omission therein stated to have caused the injury was done wantonly and wilfully, or wrongfully and wilfully, and also carelessly and negligently, and that such act was done or omitted by servants of appellant who were not fellow servants of appellee, and that appellee was exercising due care for his own safety.  The court refused all instructions requested by appellee and gave numerous instructions requested by appellant.  When appellant moved for a new trial appellee consented thereto, but the court denied the motion.  Appellee then moved for a new trial, but the court denied the motion and entered judgment. Appellee has assigned cross errors questioning rulings of the court on evidence and instructions and the amount of the verdict.

Where an injury is alleged to have been inflicted upon a plaintiff by the wilful and wanton act of a defendant, it is not necessary to allege or prove that plaintiff was in the exercise of due care.  Where the act is alleged to have been negligent only, it is necessary to allege and prove that plaintiff was in the exercise of due care.  It will be observed that each count of this declaration combines the elements of two different grounds of liability.  The court instructed the jury at the instance of appellant that in order to entitle appellee to recover he must prove that he was in the exercise of due care for his own safety and that the railroad company was guilty of negligence which caused the injury, from which the jury would necessarily understand that plaintiff could not recover under this declaration upon proof that his injuries were caused by the wilful and wanton conduct of appellant, unless he also

382 Appellate Courts of Illinois.

Ehrlich v. Chicago Great Western Railroad Co., 160 Ill. App. 379.

proved that he was in the exercise of due care for his own safety. These instructions raise the question whether appellee, having averred in each count, not only that the acts and omissions which caused his injury were wanton and wilful but also that they were negligent and that appellee was in the exercise of due care, was bound to prove all of those allegations in order to entitle him to recover. It was held in City of Rock Island v. Cuinely, 126 Ill. 408, Weber Wagon Co. v. Kehl, 139 Ill. 644, N. Y. C. & St. L. R. R. Co. v. Blumenthal, 160 Ill. 40, and City of Joliet v. Johnson, 177 Ill. 178, that in torts the averments are divisible, and that if a plaintiff proves enough of his charge to make out a case of liability he may recover. In Guianios v. De Camp Coal Co., 242 Ill. 278, the declaration charged that appellant negligently, carelessly and wilfully did the things which caused the death of appellee's intestate. The proof did not show that the act was wilfully done. It was held that if the proof showed that the act was caused by the negligence of appellants recovery could be had, though the acts were not wanton or wilful. This is not inconsistent with the holdings of the court in C. B. & Q. R. R. Co. v. Dickson, 88 Ill. 431, and Wabash R. R. Co. v. Kingsley, 177 Ill. 558, when the allegations and proofs in those cases are considered. In the Dickson case, *supra,* the first count charged that the whistle which frightened appellee's team and caused the injury was sounded in a loud, shrill, unnecessary and negligent manner, needlessly, wantonly, negligently and maliciously, and it was held that it was competent for the plaintiff under that count to make a case of negligence only, but that such a case was not made by the proof. The second count did not charge negligence but that the act was wilful, wanton and malicious, and it was held that there could not be a recovery under that count on proof of mere negligence. In the Kingsley case, *supra,* appellee, the plaintiff was a trespasser, and it was held that he could

not recover unless the act was wanton and wilful. We conclude from these authorities and from L. S. & M. S. Ry. Co. v. Bodemer, 139 Ill. 596; Wabash R. R. Co. v. Speer, 156 Ill. 244; E. J. & E. Ry. Co. v. Duffy, 191 Ill. 489, and Chicago Union Traction Co. v. McGinnis, 112 Ill. App. 177, that if the acts and omissions here relied upon were proved and were wanton and wilful, appellee could recover without proof that he was in the exercise of due care for his own safety. Hence, the instructions referred to erroneously withdrew from the jury appellee's right to recover for wilful and wanton conduct of appellant causing the injury without proof of his own due care.

There was proof introduced by appellee that train first 61 was run through Aiken at a speed of from 20 to 45 miles per hour without any headlight upon the locomotive, and other proof that the headlight was burning but that the glass in front of the light was broken, and the hole therein stuffed with waste, so that the light was very dim and could not readily be observed. Appellant contends that it was not required to have a headlight upon the locomotive of that train, and therefore that neither negligence nor wanton or wilful conduct was shown by proof that this train was running in that condition. In Burling v. I. C. R. R. Co., 85 Ill. 18, it was held that it was a high degree of negligence to run a train without a headlight on a dark night. In East St. L. Connecting Ry. Co. v. O'Hara, 150 Ill. 580, it was held that if the engine was run in the dark without a headlight or a bell ringing at a dangerous rate of speed along a much frequented street, such acts would be liable to the construction of being in wanton and wilful disregard of the rights and safety of the public so as to amount in law to wilful and wanton negligence, without proof that defendant's servants were actuated by ill will directed specifically towards the plaintiff or that they knew that plaintiff was in such a position as to be likely to be injured. In B. & O. S. W. Ry. Co. v. Alsop, 176 Ill. 471, it was held

that it was a high degree of negligence to run a train without a headlight on a dark night. The same doctrine was restated in Chicago City Railway Co. v. Fennimore, 199 Ill. 9. In I. C. R. R. Co. v. Leiner, 202 Ill. 624, the language of the O'Hara case, *supra,* with reference to running an engine without a headlight in the dark was quoted with approval. In L. S. & M. S. Ry. Co. v. Enright, 227 Ill. 403, where the proof tended to show that the night was dark and the headlight was dim and smoked and that no bell was ringing and where the declaration contained no averment about the headlight, it was held that these were matters which that the plaintiff had a right to expect that the engine bell would be ringing and the headlight properly burning. In some of these cases the injury occurred in a city, but in others it was in the country. We therefore conclude that the absence of a headlight on train first 61 which struck appellee or the dimness of the headlight thereon, were matters tending to show negligence and also wanton and wilful conduct by appellant, although the servants of appellant running that engine did not know of appellee's presence on the track, they being obviously not fellow servants of appellee. No instruction therefore should have been given for appellant which would prevent appellee from recovering for wanton and wilful conduct of appellant without proof of due care by appellee. We express no opinion upon the question whether the evidence would warrant a verdict that the injury was wilful and wanton.

Train first 61 was west bound. Appellee was struck when he was about 686 feet west of a public highway crossing at Aiken. Appellee introduced proof tending to show that the statutory requirements for the blowing of a whistle or the ringing of a bell for a distance of 80 rods before reaching that highway were not obeyed in the running of this train. Appellee claims that this was negligence authorizing a recovery. Appellant contends that these signals are only required

for the benefit of those traveling on the highway and not for the benefit of persons on the right of way of any other place, and therefore if appellee's proof on this subject were true, which appellant denies, still no right of action is shown in appellee by reason thereof. Appellee relies upon such cases as I. C. R. R. Co. v. Gilbert, 157 Ill. 354; St. L. A. & T. H. R. R. Co. v. Eggmann, 161 Ill. 155; E. St. L. Ry. Co. v. Eggmann, 170 Ill. 538; Dukeman v. C. C. C. & St. L. R. R. Co., 237 Ill. 104, and Cook v. C. R. I. & P. Ry. Co., 153 Ill. App. 596. In those cases, however, the injury sued for was inflicted within the bounds of a city where a municipal ordinance was violated. The ordinances violated in those cases did not relate merely to highway crossings, but controlled the conduct of the railway company everywhere within the municipality. It is also true that employes and persons lawfully around tracks and trains have a right to rely upon the rules of the railroad company, as held in C. & A. R. R. Co. v. Kelly, 182 Ill. 267, and C. & A. R. R. Co. v. Eaton, 194 Ill. 441. In Otstot v. I. I. & I. Ry. Co., 103 Ill. App. 136; I. I. & I. Ry. Co. v. Otstot, 113 Ill. App. 37, and C. & N. W. Ry. Co. v. Thomson, 128 Ill. App. 594, we said that workmen upon a railroad right of way had a right to expect the master and its other servants operating trains to observe ordinances and statutes, and also rules and general customs of the company. The injury involved in the Otstot cases, *supra,* was received within the limits of a city, and the failure to ring a bell there relied upon as giving a cause of action was in violation of a rule of the company and also of a custom of long standing, and the engineer who started his engine in the yards and ran over the plaintiff without ringing the bell knew when he did so that appellee and his associates were at work on the track in a perilous position a short distance ahead of him. The final judgment in that case was affirmed in I. I. & I. Ry. Co. v. Otstot, 212 Ill. 429, but without reference to the vio-

· 386     APPELLATE COURTS OF ILLINOIS.

Ehrlich v. Chicago Great Western Railroad Co., 160 Ill. App. 379.

tion of the statute. In the Thomson case, *supra,* we held that there was a clear preponderance of proof that the headlight was burning and the bell ringing. Our reference to the statute in those cases was unnecessary to the decision, and should have been qualified. In Williams v. C. & A. R. R. Co., 135 Ill. 491, the servants of the railroad company in charge of a running engine failed to ring a bell or sound a whistle within eighty rods of a certain highway crossing and to keep the same sounding, as the statute required, and the team of a farmer plowing in a field near by was frightened by the train and he was injured by them, and it was alleged by him in his suit for damages that if the signal had been given he would have held his team and would not have been injured. It was decided that, though the railroad company neglected its duty, it did not neglect a duty which it owed to him, but that the requirement of the statute was for the benefit of travelers on the highway. In C. C. C. & St. L. Ry. Co. v. Halbert, 179 Ill. 196, it was held that the statute did not require these signals to be given where the highway crossed over or under the railway and not upon the same level. To the same effect is Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416. In Thompson v. C. C. C. & St. L. Ry. Co., 226 Ill. 542, it was held that one lawfully on the right of way, near a highway, to remove live stock which had strayed thereon through the negligence of the railway company, was not entitled to the statutory signals that a train was approaching that highway crossing, as the railway company owed him no duty to give those crossing signals. The doctrine is approved in People v. I. C. R. R. Co., 235 Ill. 374. See L. E. & St. L. Con. R. R. Co. v. Lee, 47 Ill. App. 384, and Halbert v. Wabash R. R. Co., 151 Ill. App. 352. We conclude that appellant did not violate a statutory duty it owed to appellee who was then over forty rods west of the highway crossing, if its train coming from the east failed to give the statutory signals as it ap-

SECOND DISTRICT—APRIL, 1911.    387

Ehrlich v. Chicago Great Western Railroad Co., 160 Ill. App. 379.

proached that highway, and that proof of the failure
to observe that statute does not make a case in favor
of appellee.   The evidence that these signals were not
given was competent upon the question whether ap-
pellee was exercising due care.   This is shown by B.
& O. S. W. Ry. Co. v. Alsop, *supra*, where plaintiff's
intestate was a night trackwalker in the employ of the
railway company and was killed while on the track in
the country at a place about a quarter of a mile from
a highway crossing.   It was argued there that the
court erred in admitting proof that the freight train
which killed plaintiff's intestate did not blow a whistle
as it approached that highway.   It was held that this
evidence was not material as showing a substantive
right of recovery, but was admissible as tending to
show that the deceased was not aware of the approach
of the train and was not notified of its approach.   The
court there said: "The assumption of risk by a track-
walker in the discharge of the duties for which he is
employed includes all risks incident to his employment.
But such assumption of risk does not release the rail-
road company from the discharge of a duty imposed
upon it by the statute, which provides that on ap-
proaching a street or road crossing a bell must be
sounded.   The discharge of this statutory duty by the
corporation might give notice to one situated as was
the deceased, of the approach of the train, and cause
him to use a degree of care and caution commensurate
with his danger, and for this purpose the evidence
would be admissible."

Appellant contends that appellee was a trespasser
and therefore cannot recover unless appellant's con-
duct was wilful and wanton.   This requires a consid-
eration of some of the facts.   At Aiken the north track
was the west bound and the next track south was the
east bound main track.   South of these was a passing
track and still further south a storage or house track.
North of these tracks and just east of the public high-
way was a hotel.   There was only one other dwelling

388 APPELLATE COURTS OF ILLINOIS.

Ehrlich v. Chicago Great Western Railroad Co., 160 Ill. App. 379.

house at Aiken. The grade from Aiken to Stockton, several miles east, was so steep that appellant kept two helper engines on the storage track at Aiken to push heavy freight trains up the grade. It kept at Aiken three crews, each consisting of an engineer and a fireman, who operated these two helper engines night and day as required. These men lived at the hotel on the north side of the tracks and were liable to have to go across the tracks to the helper engines at any time of the day or night. Appellee had been a fireman on an engine on a regular freight train of appellant. Four days before this accident his engine went into the ditch and was so disabled that it had to be sent to the shops and he was thereby temporarily thrown out of that employment. He was then given a place as fireman with Engineer Wikoff on these helper engines at Aiken. There was also an engineer named Webb running the helper engines with a fireman named Richeson. On the evening preceding this accident Webb received a telegraphic order from his superior to go with his fireman to Dubuque a few miles west, and evidently for the purpose of having Webb and his fireman take a regular freight train from Dubuque. Richeson was not qualified to run as fireman on a regular train, while appellee was. Appellee's teeth were troubling him and he wished to go to Dubuque to obtain treatment therefor. Appellee and Richeson agreed that Richeson should take appellee's place with Engineer Wikoff, who was to go east with the next helper engine, while appellee should go to Dubuque as Webb's fireman. This arrangement seems to have been assented to by the two engineers. No higher officer had authorized it. The telegraphic order to Webb did not name the fireman who was to come with him. Richeson went with Wikoff when the next helper engine was called out and he had just started east at the head of a freight train when this accident occurred. After Wikoff and Richeson had brought the engine out

Ehrlich v. Chicago Great Western Railroad Co., 160 Ill. App. 379.

onto the east bound track ahead of an east bound freight and had coupled on at about 1:40 or 2 o'clock A. M. appellee remembered that his overalls and certain other outside clothing were in this helper engine, which was some distance west from the hotel and highway. He went from the hotel across the tracks, went upon this helper engine, got his bundle and alighted. He then found his bundle loose and refolded it on the ground. When the wreck had occurred four days before he could not leave a package of other clothing he had on that engine, and he put it in a caboose used by Conductor O'Birne. After appellee left the helper engine it occurred to him that perhaps that was O'Birne's train, and if so, his other clothes were in the caboose at the rear thereof. He thereupon got upon the regular engine on that train and inquired if O'Birne was the conductor and learned that he was not. By this time the train had started. He stepped off the engine on the side next to the west bound track and started east towards the hotel. There was a straight track ahead of him for a mile. He saw no headlight and heard no whistle or bell. Just before he was struck he saw a bright glow ahead of him as if a fireman on an approaching engine was shaking down or raking off his fire. He sought to jump off the track but was struck by the train, which was first 61 west bound. The conductor and a brakeman on the train just starting east, who were still upon the ground on the north side of their train, saw no headlight and heard no bell or whistle, and barely escaped being struck at the same time by the same train. We are of opinion that the exchange of firemen was tacitly approved by the engineers, and that appellee was still in the employ of appellant, and that he was not a trespasser, though he was not at that instant discharging a duty to his employer. This position is supported by the principles laid down in John Spry Lumber Co. v. Duggan, 182 Ill. 218; Heldmaier v. Cobbs, 195 Ill. 172; E. St. L. Con. Ry. Co. v. Altgen, 210 Ill. 213; L. S. &

M. S. Ry. Co. v. Enright, *supra;* Pauckner v. Wakem, 231 Ill. 276, and I. C. R. R. Co. v. Panebiango, 129 Ill. App. 1. Though not at that instant on duty, he had a right to go to the helper engine to get his clothing, and he was intending, and so was Webb, that he should go with Webb to Dubuque pursuant to appellant's order, and there act as fireman with Webb on a regular freight train. The ·question whether he was in the exercise of due care under all the circumstances surrounding him, in view of the absence of a headlight, bell and whistle, was for the jury to decide.

As the case must be tried again, we deem it unnecessary to discuss appellee's contention that the damages awarded are inadequate compensation for the injuries sustained.

The judgment is reversed upon the cross errors at the costs of appellant, and the cause is remanded for a new trial.

*Reversed on cross errors and remanded.*