JAMES DUKEMAN, Admr., Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COM-- PANY, Appellant.

*Opinion filed December 15, 1908.*

1. APPEALS AND ERRORS—*the Supreme Court cannot determine question of contributory negligence as one of fact.* In determining whether the trial court erred in refusing to direct a verdict for the defendant in a personal injury case, the Supreme Court will not weigh the evidence to determine, as a matter of fact, whether plaintiff's intestate was guilty of contributory negligence.

2. SAME—*when question of contributory negligence becomes one of law.* The question of contributory negligence only bcomes a question of law when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence.

3. RAILROADS—*the failure to look and listen is not negligence per se.* Failure to look and listen before crossing a railroad track cannot be said to be negligence as a matter of law, since there may be many circumstances excusing such failure.

4. SAME—*person may presume that company will not run train at prohibited speed.* A person approaching a railroad crossing in a city may presume that the company will not run its train at a rate of speed prohibited by ordinance, and contributory negligence cannot be imputed to such person for a failure to anticipate that the company would violate the ordinance.

5. DAMAGES—*law presumes substantial damage to lineal next of kin.* In an action for damages against a railroad company for negligently causing the death of a person, if the next of kin are lineal kinsmen of the deceased the law presumes some substantial damages from the fact of the relationship alone.

6. INSTRUCTIONS— *when instruction is not misleading in omitting element of proximate cause.* An instruction based upon section 24 of the act relating to the operation of railroads, and stating, substantially, that the law presumes the death of a person to have been caused by the negligence of a railroad company if such person, while in the exercise of due care, was killed within the corporate limits of a city by a train of such company which was running at a speed prohibited by ordinance, is not misleading in omitting the element of proximate cause where such element is embodied in other of the instructions.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Coles county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

GEORGE B. GILLESPIE, (H. A. NEAL, HAMLIN, GILLESPIE & FITZGERALD, and L. J. HACKNEY, of counsel,) for appellant.

J. H. MARSHALL, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an action on the case brought by James Dukeman, as administrator of the estate of Cynthia Dukeman, deceased, against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, for wrongfully causing the death of plaintiff's intestate. The declaration contains four counts. The first alleges careless and improper operation of the train. The second, that the train was running in excess of the limit of the speed ordinance of the city of Charleston. The third is a common law count upon the operation of the train at a dangerous rate of speed. The fourth charges a failure to ring the bell and blow the whistle for the crossing where the accident occurred. The jury found the defendant guilty and assessed plaintiff's damages at $1200. The judgment rendered by the court upon this verdict has been affirmed by the Appellate Court for the Third District. By its further appeal the railroad company brings the record to this court and insists upon a reversal for the following reasons: First, because the court refused, at the conclusion of all the evidence, to direct a verdict in favor of appellant; second, because the court erred in giving and refusing instructions upon the question of damages and in holding that appellee was entitled to recover more than nominal value; third, because the court erred in giving, refusing and modifying instructions upon the question of negligence.

The negligence charged in the second count of the declaration is not controverted. The engineer of appellant's train testifies that the train was running thirty-five miles an hour at the time of the accident. Another witness, who timed the train with a stop-watch, testifies that the train was running sixty-eight miles an hour. There is no contention on the part of appellant that the speed of the train was within the ten mile per hour limit fixed by the ordinance of the city of Charleston.

Appellant's contention in support of the error assigned upon the refusal of the court to direct a verdict is limited to the alleged contributory negligence of appellee's intestate. It is not the province of this court to weigh the evidence and determine, as a matter of fact, whether appellee's intestate was guilty of contributory negligence. The affirmance of the judgment of the Appellate Court is conclusive of all controverted questions of fact. The question of contributory negligence only becomes a question of law when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was such contributory negligence. *Hoehn* v. *Chicago, Peoria and St. Louis Railway Co.* 152 Ill. 223; *Beidler* v. *Branshaw,* 200 id. 425; *Chicago and Eastern Illinois Railroad Co.* v. *Crose,* 214 id. 602.

On October 25, 1905, the deceased, Cynthia Dukeman, and her husband, George Dukeman, aged, respectively, about sixty-five and seventy-two years, were driving north on E street, in the city of Charleston, about three o'clock in the afternoon. The appellant's railroad runs east and west and E street north and south. The evidence tends to show that up to a point within thirty-five or forty feet south of the railroad crossing on E street the view to the west along appellant's track was obscured by a coal shed and by a row of peach trees which at that time had not shed their foliage, but further north and nearer the railroad track there was an unobscured view of the railroad track

westward for a considerable distance. Clyde Ely, a boy
eleven years of age and the only witness who testifies to
having seen the deceased and her husband as they drove
along E street before the crossing was reached, testifies that
he was playing in a lot on the west of that street, south of
the right of way, and that he saw the deceased and her
husband as they drove north on that street; that the mules
were being driven by the husband of the deceased at a slow
trot. He testifies that the deceased and her husband ap-
peared to be reading something which he thought was soap
wrappers, as he saw soap on the lap of the deceased. He
says that the speed of the mules was not increased as they
approached the crossing, and that neither the deceased nor
her husband appeared to notice the approach of the train
until about the time the train struck the buggy, when he saw
the deceased throw up her hands. This witness does not
testify that the deceased did not look to see whether the
train was approaching. His inference that the deceased
was reading is shown to be incorrect by the fact that the
deceased was illiterate and unable to read, and James Mor-
ris, who sold the deceased some soap fifteen or twenty min-
utes before she was killed, testifies that he wrapped the
soap up in wrapping paper that had no printed matter on
it. The evidence does not show that the deceased failed to
look or listen for the approach of the train, and if it did,
such failure would not be negligence *per se.* A failure to
look and listen cannot be said to be negligence as a mat-
ter of law, since there may be many circumstances excusing
such failure. (*Chicago and Northwestern Railway Co.* v.
*Hansen,* 166 Ill. 623; *Chicago and Alton Railroad Co.* v.
*Pearson,* 184 id. 386; *Elgin, Joliet and Eastern Railway
Co.* v. *Lawlor,* 229 id. 621.) The deceased had a right to
presume that appellant would not run its train in violation
of the ordinance of the city, and contributory negligence
could not be imputed to her for a failure to anticipate that
appellant would approach this crossing at a rate of speed

prohibited by the ordinance. In connection with the other circumstances surrounding the accident, the natural instinct prompting to the preservation of life and the avoidance of injury, and consequent suffering and pain, may also enter into the consideration of the jury in determining the question of the due care of the deceased. (*Chicago and Eastern Illinois Railroad Co.* v. *Beaver,* 199 Ill. 34.) We are not prepared to say, as a matter of law, that the deceased was guilty of such contributory negligence as to preclude a recovery. We think this question was properly submitted to the jury as one of fact.

It is next insisted by appellant that the court erred in refusing the following instruction:

"Nominal damages mean one dollar or one cent, or some such nominal sum, merely sufficient to carry a judgment for costs against the defendant; and in this case you are instructed that there can be no recovery of more than nominal damages although you may find the issues in favor of the plaintiff."

The contention of appellant is that there is no evidence of pecuniary damage to the next of kin, and for that reason the court erred in not instructing the jury as requested. To this contention it may be replied (1) there is evidence of pecuniary damage to the next of kin of the deceased; (2) the next of kin in this case were the sons of the deceased, and being the lineal kinsmen the law presumes some substantial damages. The deceased left surviving her, her husband, George Dukeman, (who was killed in the same accident in which the deceased lost her life but who survived the deceased a few hours,) and Louis and James Dukeman, her sons. Louis Dukeman was married and lived with his family, while James, though forty-two years of age, was unmarried and lived at home with his father and mother. The evidence shows that the deceased was the housekeeper for her husband and her son James and that the three lived together on a rented farm; that the deceased

did all of the cooking, washing and other housework without any assistance, except at harvest time, when she had help; that the deceased was in good health, and not only did her own housework, but rendered assistance to the family of her married son when his wife was sick.   Under this evidence the court properly refused to instruct the jury that nothing more than nominal damages could be recovered.   But aside from this, the rule is established in this State that where the next of kin sustained a lineal relation to the deceased the law presumes some substantial damages from the relationship alone.   (*Chicago, Peoria and St. Louis Railroad Co.* v. *Woolridge,* 174 Ill. 330.)   In the case above cited, this court, on page 334, said:   "This act has been construed (1) that 'next of kin' means those standing in that relation in a technical sense.   (*Chicago and Alton Railroad Co.* v. *Shannon,* 43 Ill. 338.)   (2) That if the next of kin are collateral it is a material question whether they were in the habit of claiming and receiving pecuniary assistance from the deceased.   If they were not, they can only recover nominal damages; if they were lineal, the law presumes pecuniary loss from the fact of death,"—citing *City of Chicago* v. *Scholten,* 75 Ill. 468, and *Chicago and Northwestern Railroad Co.* v. *Swett,* 45 id. 197.

· Appellant concedes that the *Woolridge case* is against its contention, but insists that what was there said on this subject was not necessary to the decision of the case and therefore is not binding authority.   This court had under consideration, in the case referred to, the admissibility of evidence that an adult son of the deceased was a cripple and that he was for that reason dependent upon his father for support.   The evidence was held erroneously admitted and the judgment reversed and the case remanded for that reason.   In replying to the contention in support of the ruling below, this court announced the rule as stated in the above excerpt from the opinion.   The language there employed seems to have been used with deliberation and was

intended for a guide to the re-trial of the case by the court to which the cause was remanded. We do not regard what was there said as *dictum,* but if under the strict rule it should be held to fall within that class of judicial utterances, it seems to us that it is clearly right under the previous decisions of this court which are cited in support thereof. We think that the court properly refused the instruction now under consideration.

Appellant next contends that the court erred in giving instruction No. 1 for appellee. That instruction is as follows:

"The court instructs the jury that if they believe, from a preponderance of the evidence, that the deceased, Cynthia Dukeman, was killed within the corporate limits of the city of Charleston by a railroad train of the defendant company while she was in the exercise of ordinary care for her own safety, and that the defendant company was, at the time, running its said train at a greater rate of speed than ten miles an hour, that then the law presumes the death of the said Cynthia Dukeman to have been caused by the negligence of the defendant or its agents."

The objection pointed out to this instruction is, that it does not include proximate cause as one of the facts from which the presumption is drawn that the death of Cynthia Dukeman was caused by the appellant's negligence. Paragraph 87 of chapter 114 (Hurd's Stat. 1905, p. 1581,) reads, in part, as follows: "Whenever any railroad corporation shall, by itself or agents, run any train, locomotive engine, or car, at a greater rate of speed in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done the person or property by such train, locomotive engine or car; and the same shall be presumed to have been done by the negligence of said corporation or their agents."

In *Chicago, Burlington and Quincy Railroad Co.* v. *Haggerty*, 67 Ill. 113, this court had before it an instruction in substantially the same language as the one now under consideration, and while the instruction was criticised by this court it was pointed out that the instruction was in the language of the statute, and it was said: "We can hardly pronounce it to be error the laying down of the law in the words of the law itself." And again, in the case of *Chicago and Eastern Illinois Railroad Co.* v. *Crose, supra,* this same instruction was again brought into consideration, and we held, on the authority of the *Haggerty case* and *Illinois Central Railroad Co.* v. *Ashline,* 171 Ill. 313, that the instruction was not so misleading as to constitute reversible error in view of the other instructions given in the case. It was said in the *Crose case,* on page 615: "The criticism made upon this instruction is that it fails to state that the unlawful speed of the train must have been the proximate cause of the injury, and that it in express terms declares a fixed and absolute liability. It is doubtless subject to criticism, and, standing alone, might have been calculated to mislead the jury to the prejudice of the defendant." It was then pointed out that other instructions given in the series informed the jury that the plaintiff could not recover without proof that the injury was the proximate result of the excessive rate of speed. The same disposition may be made of appellant's complaint in the case at bar.

Instruction No. 6 given on behalf of appellant told the jury that the plaintiff could not recover without proof that "she was herself in the exercise of due care and caution for her own safety and her death was the proximate result of the excess of the rate of speed at which the train was running at the time the accident occurred." Instructions Nos. 5 and 9 given for appellant also contain a similar direction to that contained in No. 6. These instructions obviate the objection pointed out to instruction No. 1 given on behalf of appellee.

.There are no other reasons urged upon our attention for reversing this judgment. The judgment of the Appel-- late Court for the Third District is accordingly affirmed.

*Judgment affirmed..*

Mr. JUSTICE DUNN took no part in the decision of this case.