**Elizabeth M. Douglas, Administratrix, Appellee, v. Wabash Railroad Company, Appellant.**

1. CONTRIBUTORY NEGLIGENCE—*sudden danger.* If a person suffers an injury and prior thereto was confronted with a sudden danger which required quick thought and action, it is a question for the jury to determine as to whether or not such plaintiff was guilty of contributory negligence which barred the right of recovery.

2. CONTRIBUTORY NEGLIGENCE—*failure to look and listen.* While the failure to look and listen may tend to establish contributory negligence, it is not of itself sufficient to establish contributory negligence as a matter of law but it is for the jury to say under all the surrounding circumstances whether or not the party was in the exercise of due care.

3. ORDINANCES—*when sufficiently established.* Held, under the evidence in this case that the ordinance in question was sufficiently proved by the book of ordinances offered in evidence.

4. INSTRUCTIONS—*effect of argumentative modification.* If an instruction is already argumentative, an argumentative addition thereto will not constitute ground for reversal.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed May 19, 1909.

D. D. EVANS and CHARLES G. TAYLOR, for appellant; J. L. MINNIS, of counsel.

O. M. JONES, W. J. BOOKWALTER and REARICK & MEEKS, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Suit was brought in the Circuit Court of Vermilion county by the representative of the estate of Carroll O. Douglas against the Wabash Railroad Company to recover damages alleged to have been occasioned by the negligence of appellant, which caused the death of said Carroll O. Douglas. There was a verdict and judgment in the sum of $1,995 against the railroad company and this appeal followed.

Carroll O. Douglas, deceased, was, on the 16th day of April, 1907, riding in a top buggy, to which he had a single horse hitched, going north on Sandusky street in the village of Catlin, Illinois, and while crossing the railroad of appellant in such village, was struck by a fast passenger train and killed.

Appellant first contends that the evidence does not show that at the time of the accident deceased was in the exercise of due care for his own safety, but upon the contrary that he was guilty of contributory negligence and for that reason the verdict should have been set aside. We have carefully considered all the evidence upon this subject and are of the opinion that the verdict was not unwarranted in this respect. It appeared from the evidence that the train of appellant which killed Douglas ran in a northeasterly direction through Catlin and that deceased was driving nearly, if not quite, due north at the time of the accident; that the approaching train was to the left and at the rear of deceased and was going at the rate of about fifty miles per hour, contrary to an ordinance of said village; that Douglas's view to the left was obscured by an elevator, an approach thereto and a coal car; that before reaching the track upon which he was killed he had to cross a side or house track, and that in going north upon Sandusky street he could not see a train approaching from the southwest until he got within

a few feet of the house track; that the elevator stood only about six feet south of the house track and almost immediately west of Sandusky street. The engineer upon the locomotive in question testified that when he first saw deceased he, the engineer, was about 150 feet southwest of the crossing and that deceased was twenty-five or thirty feet south from the main track, which testimony, if uncontradicted, would put deceased upon the south or house track spoken of. It would seem from a consideration of all the evidence that deceased was north of the switch track before he was aware of the approach of the train in question, and that in the excitement of the moment he had to determine whether he would attempt to turn his horse to the right in a parallel course with the train or attempt to cross the track ahead of the train. Under such circumstances it was peculiarly a question of fact for the jury to say whether or not the deceased was in the exercise of due care. Dukeman v. C., C., C. & St. L. Ry. Co., 237 Ill. 104.

In this connection appellant argues that the absence of evidence to show that deceased looked and listened for an approaching train before attempting to cross the railroad was in itself sufficient to establish want of due care upon the part of deceased and therefore the judgment cannot be sustained.

While the failure to look and listen may tend to establish contributory negligence, it is not of itself sufficient to establish contributory negligence as a matter of law, but it is for the jury to say under all the surrounding circumstances whether or not a party was in the exercise of due care. Dukeman v. C., C., C. & St. L. Ry. Co., *supra.*

It is next contended by appellant that there was no competent evidence to show that the ordinance of the village of Catlin, limiting the speed of all trains within the corporate limits to ten miles per hour was properly posted.

The ordinance was offered in book form as ordi-

nance No. 75.   It limited the speed of all trains to ten miles per hour and was passed and approved January 3, 1898.   The posting thereof was shown by an entry in the ordinance book accompanying the order of approval, which stated that three notices thereof were posted on January 4, 1898, as attested by the president and clerk of the village board.   Appellant argues in this connection that the trial court permitted a memorandum endorsed on the ordinance to be offered in proof of posting, to be read to the jury.   This contention, even if a material one, is not borne out by the proof as abstracted, for a careful consideration of that part of the abstract shows that the ordinance, its attestation, approval and proof of posting were all made to appear from the record book of said ordinance No. 75.

Some criticism is made upon the action of the trial court in modifying appellant's instruction No. 12, and in refusing to give its thirteenth, fourteenth, fifteenth and sixteenth instructions as offered.   Appellant's twelfth instruction, as offered, was argumentative in the extreme, and should have been refused.   The modification made by the court could not have been prejudicial to appellant as the modification did not tend to make the instruction any more argumentative than it was before it was modified.   If it was error to modify the instruction, it was equally erroneous to offer it.

Instructions Nos. 13, 14, 15 and 16, as offered by appellant, were also clearly argumentative and for that reason were properly refused.

There is no prejudicial error in this record and the judgment is affirmed.

*Affirmed.*