## Ernest L. Erickson, Administrator, Appellee, v. American Well Works, Appellant.

## Gen. No. 6,107.

1.  WORKMEN'S COMPENSATION ACT—*what is effect of lack of negli-
gence or lack of due care upon right to recovery.* Under the Work-
men's Compensation Act (J. & A. ¶ 5449 et seq.), it is not neces-
sary to a recovery that the accident should have been caused by
the negligence of the master or that the servant should have been
in the exercise of due care when injured.

2.  NEGLIGENCE, § 66*—*what constitutes contributory negligence.*
Where a person is injured as a result of his negligence or want of
due care, such person is always carelessly doing something which
a prudent man would not have done under similar circumstances, or
omitting something which reasonable prudence requires of such
person.

3.  WORKMEN'S COMPENSATION ACT—*when employee right to recover
although his negligence proximate cause of injuries.* Under the
Workmen's Compensation Act (J. & A. ¶ 5449 et seq.), a recovery
cannot be denied although it is possible or even probable that the
proximate cause of the injuries for which compensation is sought
was the negligence of the claimant.

4.  WORKMEN'S COMPENSATION ACT, § 11*—*what is effect upon right
to recover compensation of performing act outside course of employ-
ment.* Under the Workmen's Compensation Act (J. & A. ¶ 5449
et seq.), compensation cannot be recovered for injuries resulting to,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

an employee while engaged in acts not in the course of his employment.

5. WORKMEN'S COMPENSATION ACT, § 11*—*when employee putting head out of moving elevator engaged in usual course of employment.* In an action under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), to recover compensation for the death of a plaintiff's intestate as a result of being caught in an elevator shaft in a building where he was employed by defendant, which elevator decedent was operating at the time of the accident, being engaged in hoisting certain frames from one floor of the building to another by means of such elevator, *held* that at the time of the accident decedent was engaged in the usual course of his employment, although there was evidence that decedent put his head out of the door of the moving elevator and thereby contributed to the injury sustained, such evidence being construable merely as indicating a want of due care.

6. WORKMEN'S COMPENSATION ACT—*when yearly earning power properly computed.* In an action under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), to recover for the death of plaintiff's intestate as a result of injuries sustained in an accident occurring while decedent was in the employ of defendant, where it appeared that at the time of his death decedent was twenty-two years of age, of more than average education, and had been working for defendant at various times and in various capacities for five years prior to the accident, his last employment by defendant commencing two weeks before the accident and involving duties mainly of superintendence at a wage of $3 per day, a finding which computed the yearly earning power of decedent under clause d of section 6 of such act (J. & A. ¶ 5455), providing that in certain cases such earning power may be computed by taking three hundred times the average amount earned by decedent during the days preceding the accident, *held* not erroneous, and that the result attained was fair and reasonable.

7. WORKMEN'S COMPENSATION ACT—*when substantial damage presumed from relationship.* The law will presume from relationship alone that a wife, child or parents of a decedent will suffer some substantial damage as a result of the death of such decedent.

8. STATUTES, § 203*—*what is effect of punctuation in construing statutes.* The punctuation used in a statute is helpful in its construction although such punctuation does not control such construction.

9. WORKMEN'S COMPENSATION ACT, § 10*—*when son contributes to support his parents.* A son living with his parents and paying them for his board and lodging at a price ordinarily paid for such board

and lodging at boarding houses is contributing to the support of such parents.

10.    WORKMEN'S COMPENSATION ACT, § 1*—*how construed relative to contribution to support of parents.* In an action under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), to recover for the death of plaintiff's intestate as a result of an accident occurring while decedent was in the employ of defendant, such action being brought for the benefit of decedent's father, the words "to whose support he has contributed within five years previous to his death" in clause a of section 4 of the Act (J. & A. ¶ 5452), *held* to qualify the word "parents" as well as the words or other "lineal heirs," also found in such clause of such section, there being no comma after the word "parents" and before the words "lineal heirs," for which reason the section requires, as a prerequisite to a recovery in behalf of parents, evidence that decedent had contributed to the support of such parents within five years prior to his death, and such construction is not affected by the fact that similar language is used in clause 1 of section 5 of such Act (J. & A. ¶ 5453), relating to the payment of compensation accruing in the lifetime of the employee in case of his death before the total of the payments equals the amount of a death benefit, wherein the word "parents" is separated from the words "or other lineal heirs" by a comma.

11.    WORKMEN'S COMPENSATION ACT, § 10*—*when son contributing to support of parents.* In an action under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), to recover compensation for the death of plaintiff's intestate as a result of an accident happening while decedent was employed by defendant, *held* that decedent was contributing to the support of parents within the meaning of section 5 of such act (J. & A. ¶ 5452), fixing the amount of compensation to be recovered in case of the death of an employee who "leaves * * * parents * * * to whose support he had contributed within five years previous to his death," where it appeared that within the time named decedent had resided with his parents and paid to them an amount equal to that usually paid for board and lodging in boarding houses, and that decedent later increased the amount paid such parents in consideration of the necessities of such parents.

12.    WORKMEN'S COMPENSATION ACT, § 12*—*when evidence of habits of employee admissible.* In an action under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), to recover for the death of plaintiff's intestate as a result of injuries sustained by being caught in an elevator shaft in a building where decedent was employed by defendant, and was at the time of the accident operating such elevator, such action being tried by the court without a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

jury, evidence of the careful habits of deceased *held* competent, though there were eyewitnesses of the accident.

Appeal from the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915. *Certiorari* denied by Supreme Court (making opinion final).

J. C. MURPHY and E. L. LYON, for appellant.

JOHN M. RAYMOND and JOHN K. NEWHALL, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

John O. Erickson, appellee's intestate, while in the employ of the American Well Works, the appellant, on July 16, 1912, was caught in the shaft of an elevator that he was operating and received an injury that caused his instant death. These parties were subject to the provisions of the Workmen's Compensation Act approved June 10, 1911, in force May 1, 1912 (Jones & Addington's Annotated Statutes, vol. 3, page 2914, ¶ 5549 *et seq.*). It is not the act now in force. There was an arbitration under the provisions of the statute, and an appeal to the Circuit Court, where a jury was waived and the case tried by the court who entered a judgment against appellant for $3,500, to be paid in instalments as in the act provided, from which judgment this appeal is prosecuted.

Under this statute to warrant a recovery the injury sustained by the employee must be one "Arising out of and in the course of the employment." The amount and manner of payment of compensation for an injury resulting in death is provided in section 4 of the Act (J. & A. ¶ 5452), and is as follows: "a. If the employé leaves any widow, child or children, or parents or other lineal heirs to whose support he had contributed within five years previous to the time of his death, a sum equal to four times the average annual

earnings of the employé, but not less in any event than one thousand five hundred dollars, and not more in any event than three thousand five hundred dollars. Any weekly payments, other than necessary medical or surgical fees, shall be deducted in ascertaining such amount payable on death.

"b.   If the employé leaves collateral heirs dependent upon his earnings, such a percentage of the sum provided in section "a" as the contributions which deceased made to the support of these dependents, bore to his earnings.

"c.   If the employé leaves no widow or child or children, parents or lineal or collateral heirs dependent upon his earnings, a sum not to exceed one hundred and fifty dollars for burial expenses.

"d.   All compensation provided for in this section to be paid in case injury results in death, shall be paid in installments equal to one-half the average earnings, at the same intervals at which the wages or earnings of the employé were paid while he was living; or if this shall not be feasible, then the installments shall be paid weekly.

"e.   The compensation to be paid for injuries which result in death, as provided for in this section, shall be paid to the personal representative of the deceased employé and shall be distributed by such personal representative to the beneficiaries entitled thereto, in accordance with the laws of this State relating to the descent and distribution of personal property." There follows a clause in section 5 (J. & A. ¶ 5453), to which our attention is called as perhaps bearing on the construction of the above-quoted statute, which is as follows: "Death.   (1) In case death occurs before the total of the payments made equals the amount payable as a death benefit, as provided in section 4, article a, then in case the employé leaves any widow, child or children, or parents, or other lineal heirs, they shall be paid the difference between the compensation for

death and the sum of such payment, but in no case shall this sum be less than $500.00.''

The basis for computing compensation is given in section 6 of the Act (J. & A. ¶ 5455). The part of the section necessary to be considered here reads as follows: ''a.   The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings in the employment of the same employer during the year next preceding the injury.

''b.   Employment by the same employer shall be taken to mean employment by the same employer in the grade in which the employé was employed at the time of the accident, uninterrupted by the absence from work due to illness or any other unavoidable cause.

''c.   The annual earnings if not otherwise determinable shall be regarded as 300 times the average daily earnings in such computation.

''d.   If the injured person has not been engaged in the employment for a full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same or in neighboring employments of the same kind have earned during such period.   And if this basis of computation is impossible, or should appear to be unreasonable, three hundred times the amount which the injured person earned on an average on those days when he was working during the year next preceding the accident, shall be used as a basis for the computation.''

There is no dispute about the material facts.   John O. Erickson, the deceased, was, on the day of the fatal accident, an unmarried man twenty-two years old, and had then been working for appellant about two weeks in moving patterns from one building to another. There was a great number of these patterns of various sizes, from a few inches to several feet in diameter, and some of them were carried to the upper floor of

the building to which they were moved by means of an elevator. He was furnished two men, who, under his direction, did most of the manual labor. His principal duty was to keep track of the patterns, check them up, and keep a record of where they were placed. He had theretofore used the elevator in which the accident happened, operating it himself, in the course of such employment, and was so using it at the time of the injury. In years past deceased had attended high school for two years but did not graduate. Worked for some time for a printing company and five or six years for appellant. Attended school at Rock Island a year immediately before going to work for the appellant the last time. He intended to enter the ministry, which would require three or four years more of schooling. At the time of his injury he was earning $3 a day. He had never earned higher wages. During the five years before his death his home had been in his father's family, consisting of the father, and mother, himself and his two brothers, until November, 1910, when the mother died. The father and mother kept house and the three boys lived with them. The boys were all engaged in some kind of employment. The father was sixty-one years old, a laborer, at wages ranging from $1.75 to $2.20 a day, and had no means of support other than his wages and what his children might aid him. After the mother died, a relative kept house for them about a year, and then the housekeeping was abandoned and the boys rented rooms elsewhere from September, 1911, to the time of the death. While the family lived together deceased paid his parents for a time $4 a week for his board, room and washing, but three or four years before the accident he began paying $5 a week for the same service because he thought it necessary that they have more support. This was the only way that he contributed to the expense of the family. The amount that he so

paid was not in excess of the usual price in that community for what he received therefor.

There was no eyewitness to the accident, and uncontradicted evidence was introduced that deceased was a man of careful habits. The elevator had, a short time before the accident, been installed in a four-story building and was operated by the party using it. There is some evidence that the operator might get an electric shock in using the elevator. The evidence does not show negligence of the appellant contributing to the accident, and there is some ground for the inference that deceased may have carelessly put his head out of the elevator door while it was moving, and himself have been guilty of contributory negligence in so doing that would preclude a recovery in the absence of this statute even had appellant been negligent.

It is not necessary to a recovery under the provisions of this statute that the injury be the fault or negligence of the master or that the injured party be in the exercise of ordinary care. Appellant admits this, but says that notwithstanding these provisions of the law, a servant, while in the employment of his master, may be injured by his own act that is so reckless and unnecessary that it cannot be said that the act was performed in the course of his employment and that this is such a case, and he cites authorities in support of that proposition of law and we presume it is good law. Among the authorities so cited is the case of *Brown v. City of Decatur,* 188 Ill. App. 147. The court there cited and discussed several authorities on that question, and said: "The criterion is, what was the deceased doing, and not what was the manner in which he was doing it," and held under the circumstances of that case that the injury was received in the course of the servant's employment. In case of an accident resulting from the want of due care, in other words negligence, of the injured party, he is always carelessly doing something that a prudent man

would not do under the circumstances, or failing to do something that reasonable prudence requires of him. This statute, as we have seen, gives a right of recovery notwithstanding the negligence of the injured party, and to give the statute any effect the right of recovery must not be denied because it is possible or even probable that the proximate cause of the injury was the negligence of the claimant. We presume, using an extreme illustration, had deceased deliberately attempted to descend from the fourth floor to the first floor of the building by jumping down the elevator shaft instead of using the elevator, that it would have been a reckless act that could not be said to be performed in the course of his employment, and that no doubt less marked acts of recklessness might be so considered; but we are of the opinion that the facts in this case, under the authorities cited, and particularly under the authority of *Brown v. City of Decatur, supra,* and the authorities there discussed and reviewed, do not bring the case within that class, but at most can only be construed as indicating a want of due care by the deceased.

Under the provisions of section 6, before quoted, as deceased had not been employed by appellant during the year next preceding the accident, it was necessary to make the computation under clause d of that section and base the finding on the annual earnings of persons of that class, or if that should appear to be unreasonable, three hundred times the amount which the injured person earned on an average in those days when he was working during the year next preceding the accident. The court evidently used the last-suggested basis and found an annual earning of $900 a year on the basis of $3 a day, that deceased had been earning immediately before the accident. This action of the court is complained of, and appellant insists that under the facts the finding of earnings could only have been based on the annual earnings of

persons of that class; that there was no evidence of such annual earnings, and therefore no basis in the testimony for a finding of $900 a year. We do not think the court erred in this respect. It would not have been easy, and perhaps not "reasonable," to undertake to find what people in that class were earning. The work at which deceased was employed was not a common every-day work in which wages could be easily ascertained and proven, and while it is true that it would be unfair to base annual earnings on what an employee had been receiving for a short time before his injury at some unusual and perhaps high priced employment, it is a matter of common knowledge that the wages of 30 cents an hour, or $3 a day, were not above the range of wages that people like deceased are able to earn. The result reached is apparently fair and reasonable.

Finally appellant contends that deceased had not "contributed within five years previous to the time of his death" to the support of his father, and therefore appellee was not entitled to recover anything under clause a of section 4, but could only recover under clause c for burial expenses an amount not exceeding $150. Appellant contends that the words in clause a "to whose support," etc., qualify not only the preceding words "lineal heirs," but also the preceding word "parents," and he says they also qualify the words "widow, child and children," therefore that no party answering to any of those descriptions is entitled to anything under that statute unless there is proof that deceased had contributed to the support of such person within five years previous to his death. Appellee answers this contention by saying that there is proof that deceased contributed to the support of his father within that period of five years, and he also insists that the words "to whose support he had contributed," etc., only qualify the words "lineal heirs," and says it is absurd to suppose that the Legislature

intended that the widow or children should not be entitled to recover without proving that deceased had contributed to their support within five years, and calls our attention to decisions of the Supreme Court under the Injuries Act (J. & A. ¶ 5449), and particularly to *Dukeman v. Cleveland, C., C. & St. L. Ry. Co.,* 237 Ill. 104, holding that the law presumes some substantial damage from the relationship alone in case of wife, child or parents of deceased, and says that the law was enacted in favor of those dependent upon the deceased; that the Legislature knew the construction of the former law in relation to the presumption of dependency of parents, and therefore must have intended the qualifying words to apply only to the immediately preceding words, "lineal heirs." If there were a comma after the word "parents" the meaning contended for by appellee would quite likely be gathered from a first reading of the clause, but no comma is there found and we do not see that the fact that a comma is found after the word "parents" in clause (1) of section 5 (J. & A. ¶ 5453) before quoted, helps appellee's contention. While punctuation does not control, it is helpful in construing statutes. Appellant while admitting and arguing that these provisions were enacted for the benefit of dependents and that dependency must be proven as a basis of recovery, says that the statute must be literally construed and a recovery permitted only when some provision of the statute authorizing the recovery can be found; that it is an entire change from the theory of the recovery under the Injuries Act under which we are required to look forward and indulge in presumptions of what the deceased might have done for his dependent relatives in the future had he lived; that here we must look backward, and if he has not contributed to the support of any relative within five years immediately preceding his injury, it is immaterial what prospects there might be that he would have contributed had he lived, and

there can be no recovery. However reasonable the construction placed on that clause by appellee may be, we doubt whether it can be properly so read. But we do not regard it necessary to determine that question in this case. Assuming that the right of recovery must rest on some proof that deceased contributed to the support of his father within a period of five years before his death, we think the record furnishes such proof. We think without doing violence to language as commonly spoken and understood, that a son living with his parents and paying the price for his board and lodging that is ordinarily paid at boarding houses may be said to be contributing to their support. Instances are very numerous where the parents, or the mother if she survive the father, are living in comfort relying entirely on what the children pay for their board and lodgings at the home. The home is in that way kept up and supported. In most such cases the parents have neither the inclination nor ability to keep a boarding house and in that way provide the support that their children so give them. We therefore hold that in this case the deceased was contributing to the support of his father within the five-year period, and that for that reason, even on appellant's construction of the statute, the recovery was warranted. It also appears from the evidence that the price of $5 a week that he had paid for his board was not based on the calculation of how much that board was actually worth, but rather on the consideration of the parents' necessities. As we have before said, the father was an old man with no means and small earning capacity. We are of the opinion that the judgment may well rest on appellant's construction of the statute.

It is not argued that the judgment is excessive except for the reasons that we have above considered and discussed. There is some objection made that the court permitted proof of the careful habits of deceased because there was no eyewitness to the accident, and

it is claimed that there was evidence other than that of eyewitnesses as to how the accident occurred, therefore such proof of deceased's habits was not competent. This question of admission of proof is of little importance because the hearing was before the court without a jury. The inquiry is whether the court should have considered such evidence in arriving at his conclusion. We are of the opinion that the evidence was competent, though perhaps not very material, and could have been properly considered by the court. Finding no error in the record the judgment is affirmed.

*Affirmed.*