# Paul Lund, Defendant in Error, v. W. Irving Osborne et al., Receivers, Plaintiffs in Error.

## Gen. No. 5,754.

1. RAILROADS, § 661*—*when person may assume that statutes and ordinances will be obeyed.* A person has a right to presume that a railway company will obey the statutes and ordinances in force in a given place.

2. NEGLIGENCE, § 126*—*when due care on part of plaintiff need not be alleged.* There can be a recovery for wanton and wilful misconduct, causing injury, without allegation or proof that plaintiff was in the exercise of due care.

3. NEGLIGENCE, § 217*—*when instruction as to due care on part of plaintiff, erroneous.* An instruction which directs the jury to find for plaintiff "unless they also find from the evidence that the plaintiff was guilty of contributory negligence, consisting of a failure to exercise ordinary care in such manner that reasonable minds would not differ in declaring that such failure contributed to the injury complained of," *held* clearly erroneous for the reason that it takes the question of contributory negligence from the jury and does not require plaintiff to prove that he exercised due care.

4. APPEAL AND ERROR, § 1611*—*when failure of declaration to allege due care on part of injured plaintiff is cured by verdict.* Failure of a declaration in an action for personal injuries to allege due care on the part of the plaintiff is cured after verdict where it appears that due care on the part of the plaintiff is fairly inferable from what is alleged.

5. APPEAL AND ERROR, § 1595*—*when want of essential averments not cured by verdict.* Where a declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect.

6. APPEAL AND ERROR, § 1637*—*when erroneous instruction not cured by other instructions.* Where an erroneous instruction directs a verdict, the error cannot be cured by other instructions for the court has no means of knowing which instruction the jury followed.

Error to the Circuit Court of Lake county; the Hon. CHARLES WHITNEY, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 17, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

BULL & JOHNSON and CHARLES H. KING, for plaintiffs in error.

PAUL MacGUFFIN and COOKE, POPE & POPE, for defendant in error.

Mr. JUSTICE DIBELL delivered the opinion of the court.

The Chicago & Milwaukee Electric Railroad runs between Chicago and Milwaukee and runs in a northerly and southerly direction upon St. Johns avenue and crosses Central avenue, an east and west street, in the city of Highland Park. The tracks of the Chicago & Northwestern Railway are a short distance west and the passenger station of said railway is a short distance south of Central avenue and a short distance west of St. Johns avenue. At the time here in question, a car of the electric railway was running south on St. Johns avenue, and a passenger train, south bound on the Northwestern Railway, was approaching the passenger station. The tower bell of the steam railway was ringing and its gates over Central avenue were being lowered. Paul Lund was on the east side of St. Johns avenue and desired to take passage on said Northwestern train. He was going across St. Johns avenue within the limits of Central avenue and was either walking fast or running to reach the Northwestern train, when he and said electric car collided on the eastern part of the rounded surface of the front of said car and he was thrown away from the car and was very severely injured. He brought suit against the receivers of said electric railway to recover damages for the injuries so sustained and had a verdict which was set aside, and another verdict upon which he had judgment. The receivers prosecute this writ of error to review said judgment.

The declaration consisted of two counts and of an additional or third count. The first count charged that plaintiff was exercising due care and that the de-

fendants carelessly drove the car at a dangerous rate of speed in crossing said Central avenue and struck the plaintiff and injured him. The second count contained no allegation that plaintiff exercised due care, but charged that plaintiff was necessarily crossing Central avenue to reach the Northwestern station about his business and that defendants were driving the car at a high rate of speed and knew that plaintiff was about to cross their tracks and did not use ordinary care to avoid injuring him, nor give any warning, but negligently, wilfully and wantonly ran the car against him and injured him; and that there was then in force in said city an ordinance which required defendants to maintain a flagman where it crossed any street in said city, whose duty it should be to signal persons traveling in the direction of such crossing and warn them of impending danger, and that defendants did not have a flagman at the crossing of Central avenue and plaintiff was not warned of the impending danger. The third count did not allege that plaintiff was exercising due care, but charged defendant, as in the second count, with a lack of ordinary care and with a failure to give plaintiff any warning and that they negligently, wilfully and wantonly ran the car against and injured plaintiff, and it set up another ordinance, then in force, requiring defendants to bring their cars to a full stop at and immediately before crossing Central avenue and providing a penalty for the violation thereof, and it charged that defendants did not bring said car to a full stop before crossing Central avenue.

In this condition of the declaration defendants contend that the court erred in admitting in evidence the two ordinances above referred to. It is contended by defendants that there could be no recovery under the second and third counts, which pleaded said ordinances, upon proof of mere negligence, because said counts did not charge that plaintiff exercised due care, and therefore do not state a case under which recovery

for mere negligence could be had, but that recovery under those counts could only be had for wilful and wanton misconduct; and that charges of wilful and wanton misconduct cannot be sustained by allegation and proof of the violation of an ordinance, but that such proof only sustains a charge of mere negligence. There can be a recovery for wanton and wilful misconduct, causing injury, without allegation or proof that plaintiff was in the exercise of due care. *Lake Shore & M. S. Ry. Co. v. Bodemer,* 139 Ill. 596. Where in the same count negligence and also wanton and wilful misconduct producing injury are each sufficiently alleged, there may be a recovery, if the allegations relating to the charge of negligence are proved, though it is not proved that the conduct of the defendant producing the injury was wanton and wilful. *Guianios v. De Camp Coal Min. Co.,* 242 Ill. 278, and other authorities discussed by us in *Ehrlich v. C. G. W. Ry. Co.,* 160 Ill. App. 379.

Plaintiff contends that where the negligence of the defendant, causing injury, is properly charged and due care by the plaintiff is not averred, the declaration is nevertheless good after verdict, and therefore the second and third counts are good as counts charging mere. negligence, after verdict, and therefore the ordinances were properly admitted. The contention that a declaration in case for negligence which does not aver that the plaintiff was in the exercise of due care is good after verdict is supposed to be supported by *Chicago City Ry. Co. v. Cooney,* 196 Ill. 466. The principle there announced is based upon 1 Chitty's Pleading, 673, where it is said: "Where there is any defect, imperfection or omission in any pleading, whether in *substance* or *form,* which would have been a fatal objection upon demurrer, yet, if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or. imperfectly stated or omitted, and without which it is not to be presumed that either the

judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission, is *cured by the verdict.*" This has been applied in *Gerke v. Fancher,* 158 Ill. 375, and many other cases. But the rule, so announced in the. *Cooney* case, *supra,* was reviewed and explained in *Walters v. City of Ottawa,* 240 Ill. 259. It was there shown that the original declaration in the *Cooney* case was sufficient after verdict because the exercise of due care by plaintiff could fairly be implied from the allegations of the declaration, which are there stated. The rule in question is there further stated as follows. "If a declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect." This is in full accordance with what is further said by Chitty at the page above quoted, viz: "On the one hand, the particular thing which is presumed to have been proved must always be such as can be implied *from the allegations on the record, by fair and reasonable intendment.* And, on the other hand, a verdict for the party in whose favor such intendment is made, is indispensably necessary, for it is in consequence of such verdict, and in order to support it, that the Court is induced to put a liberal construction upon the allegations on the record." It is also in accord with what has been many times decided in this State from *Smith v. Curry,* 16 Ill. 147, to *McAndrews v. Chicago, L. S. & E. Ry. Co.,* 222 Ill. 232, though sometimes the statement has been incomplete.

It must therefore be considered as the settled law that in order to permit the introduction of ordinances which only go to sustain the charges of negligence in the second and third counts, it must appear that due care by the plaintiff is fairly inferable from what is there alleged. The second count alleged that plaintiff was crossing said street in the conduct of his business;

that he did not see defendant's car approaching and did not hear any signal of its approach and did not receive any warning from defendants and was not warned of the danger of said approaching car and that the ordinance required a flagman on that crossing to signal persons and warn them of the approach of danger and that there was no flagman there. The third count charged in similar terms that plaintiff was necessarily crossing the avenue about his business and did not see the car or hear any signal of it and that the ordinance required the car to be brought to a full stop before crossing Central avenue, and that this car was not so stopped. A party has a right to presume that a railway company will obey the statutes and ordinances in force in a given place. *Elgin, J. & E. Ry. Co. v. Hoadley,* 220 Ill. 462; *Dukeman v. Cleveland, C. C. & St. L. R. Co.,* 237 Ill. 104; *Elgin City Banking Co. v. Chicago, M. & St. P. Ry. Co.,* 160 Ill. App. 364, and cases cited on p. 375. We conclude that under these allegations of the second and third counts defendants could be convicted of negligence without a specific allegation in said counts that plaintiff was in the exercise of due care. Therefore, the court did not err in admitting the ordinances, it not being contended here but that the proof showed them duly adopted and in force at the date in question.

At the request of plaintiff the court gave to the jury instruction No. 6, as follows: "The court instructs the jury that if they believe, from the evidence, that at the time the plaintiff was crossing the railroad tracks of the defendant in Central avenue, the motorman of said car saw, or could by the exercise of ordinary care have seen the said plaintiff in time to have stopped the said car so as to have avoided striking him, and that he failed in the exercise of such care to do so, then the jury are instructed that they should find for the plaintiff, unless they also find from the evidence that the plaintiff was guilty of contributory negligence,

consisting of a failure to exercise ordinary care in such manner that reasonable minds would not differ in declaring that such failure contributed to the injury complained of.''

It is contended that this was reversible error. It will be seen that it does not require plaintiff to prove that he was in the exercise of due care, and that it authorizes a recovery against defendant for mere negligence, without any reference to the charge of wantonness and wilfulness.

The last clause of the instruction is based upon language used in Joslyn on Personal Injuries in Illinois, page 71. We are unable to find any authority in Illinois which supports the doctrine there stated. It is held in *Mueller v. Phelps,* 252 Ill. 630, that where reasonable minds might reach different conclusions, the question of contributory negligence is for the jury, but this instruction tells the jury that if reasonable minds might reach different conclusions, then contributory negligence is not established. It thereby takes that question from the jury, if reasonable minds would reach different conclusions. Contributory negligence by plaintiff means a lack of due care by plaintiff which contributes to the injury. If plaintiff proves that he has exercised due care, then he is not guilty of contributory negligence. The burden is on plaintiff to prove that he did exercise due care. If the evidence is evenly balanced on the question whether plaintiff did exercise due care, then plaintiff has not proved that necessary allegation and he must fail; whereas, under this instruction, he would be entitled to recover. It thereby put upon the defendant the burden of proving that plaintiff did not exercise due care, instead of requiring plaintiff to prove that he did exercise due care. The jury should not have been directed to consider whether reasonable minds would differ upon the conclusion to be drawn from the proof. The true question was what conclusion those twelve jurors drew from it and not what

other reasonable minds would think of it. We consider this instruction clearly erroneous. The fifth instruction concluded in the same way and would have clearly contained the same error were it not that it started with requiring the jury first to find that plaintiff was in the exercise of due care, in which case he could not be guilty of contributory negligence. This contradiction in the instruction was calculated to mislead the jury.

Plaintiff contends that the errors in these instructions were cured by other instructions which the court gave. Where an erroneous instruction directs a verdict, as these instructions do, the error cannot be cured by any other instructions, for the court has no means of knowing which instruction the jury followed. *Krieger v. Aurora, E. & C. R. Co.*, 242 Ill. 544; *Cromer v. Borders Coal Co.*, 246 Ill. 451. The judgment must therefore be reversed for the error in giving these instructions.

Defendants contend that upon this record we should find plaintiff guilty of contributory negligence and not remand the cause. In view of the ordinances in evidence and the right of plaintiff to presume that they would be obeyed, we do not feel authorized to take that question from the jury.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*


Mr. PRESIDING JUSTICE WHITNEY having tried the case in the court below took no part in this decision.