SECOND DISTRICT—APRIL, 1917.    363

Potter v. Chicago, Milwaukee & St. P. Ry. Co., 208 Ill. App. 363.

## Thomas J. Potter, Appellee, v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

### Gen. No. 6,398.

1. RAILROADS, § 461*—*when ordinance as to speed of trains within city limits applies.* A city ordinance providing that no corporation shall run a passenger train within the city limits at a greater speed than 10 miles an hour is applicable to the case of a railroad employee injured while at his employment on a railroad right of way within such limits.

2. APPEAL AND ERROR, § 1411*—*when finding on conflicting evidence not disturbed.* Evidence as to the speed of defendant's train being conflicting, finding of jury indorsed by the court will not be disturbed.

3. RAILROADS, § 536*—*when evidence shows operation of train at negligent speed.* Evidence *held* sufficient to show, independently of an ordinance limiting the speed of railroad trains within the city limits, that defendant was negligent in operating its train at a high rate of speed at the time and place it was charged with knowledge that the employees of other roads might rightfully be on its right of way and in danger.

4. RAILROADS, § 508*—*who is not a trespasser.* An employee of another railroad is not a trespasser on a railroad right of way in going thereon in the course of his employment according to an established usage and custom, where the inner rails of the tracks of the two roads are but 8 feet apart and the line between the two rights of way was unmarked halfway between such rails.

5. RAILROADS, § 589*—*when contributory negligence of switchman struck by engine of another railroad on parallel track is for jury.* Whether the reasons why plaintiff, a switchman, failed to see the approaching engine of another railroad on another track which struck and injured him were sufficient reasons, and whether he was measuring up to the standard of the hypothetical prudent man in stepping off of one side of his engine instead of the other, *held* to be questions for the jury, in an action to recover damages for personal injuries.

6. RAILROADS, § 569*—*when no variance in admission of evidence of customs as to use by employees of adjoining roads of respective rights of way of other roads.* Evidence of customs in operation of defendant's trains and in that of other trains on an adjoining track and right of way of another road as to a common use by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Potter v. Chicago, Milwaukee & St. P. Ry. Co., 208 Ill. App. 363.

the employees of each road of the other's right of way, *held* com-
petent as bearing not only on the question of plaintiff's care but
also on the question of notice to and knowledge of defendant that
plaintiff or his fellow-servants might be at the place he was in-
jured, notwithstanding the declaration contained no averment of
such customs, in an action to recover damages for such injuries.

7.  APPEAL AND ERROR, § 438*—*when question of variance may not
be raised*. A variance between the allegations and the proof can-
not be first raised on appeal.

8.  RAILROADS, § 569*—*what does not constitute variance between
declaration in action for negligence against several railroads alleg-
ing joint ownership of yards, and proof*. A declaration containing
positive allegations of defendant's negligence causing injury to
plaintiff, a switchman of one railroad, and due care on his part, with
proof supporting such allegations, *held* good on motion in arrest of
judgment, notwithstanding such declaration alleged also the joint
ownership, use, operation and maintenance by defendant and four
others, original defendants for whom a directed verdict was given
at close of plaintiff's evidence, of the railroad yards in which were
located the railroad tracks of all five, of which allegation of joint
ownership, use, operation and maintenance there was no proof.

9.  INSTRUCTIONS, § 128*—*when instruction directing verdict is
bad*. An instruction directing a verdict with the court's reasons
therefor *held* bad.

10.  INSTRUCTIONS, § 128*—*when court may refuse to pass again
on refused instruction for directed verdict*. A party cannot require
the court to pass again at the close of a case on an instruction for
a directed verdict offered and refused at the close of the plaintiff's
evidence.

11.  INSTRUCTIONS, § 135*—*duty of party to offer proper requested
instructions*. A party should offer desired instructions unincum-
bered by improper matter, and a court is under no duty to so in-
struct of its own motion.

12.  INSTRUCTIONS, § 153*—*duty of court as to modification of*.
The court may modify or qualify an instruction as tendered or
give instructions without request, but a party cannot complain of
the court's failure to do so.

13.  APPEAL AND ERROR, § 1241*—*when party cannot complain of
court erroneously treating question as at issue in modifying in-
struction*. A party cannot complain that the court in modifying an
instruction erred in treating a question as at issue which was not,
where the instruction as tendered assumed such an issue, by ask-
ing the court to instruct that there was no evidence upon such an
issue.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Potter v. Chicago, Milwaukee & St. P. Ry. Co., 208 Ill. App. 363.

14. RAILROADS—*when modification of instruction on right of re-covery by employee injured while on right of way of another company without latter's consent is proper.* An instruction that if plaintiff, a switchman of another railroad, was upon defendant's right of way without defendant's consent and was struck by defendant's engine because he was upon such right of way he could not recover, *held* properly modified by instructing that such consent might be express or implied and that the jury might consider knowledge and acquiescence in any habit and custom proven in that regard, in an action to recover damages for personal injuries.

15. DAMAGES, § 110*—*when for personal injuries not excessive.* A judgment for $5,000 *held* not excessive where plaintiff was seriously and permanently injured and disabled probably for life from performing services as a switchman efficiently as before the injury.

Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 19, 1917. Rehearing denied July 31, 1917. *Certiorari* denied by Supreme Court (making opinion final).

WALKER, INGRAM & SWEENEY, for appellant; C. S. JEFFERSON, of counsel.

SEARLE & MARSHALL, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

In 1913 the appellant, Chicago, Milwaukee & St. Paul Railway Company, had a main track 8 feet south of and parallel with a switch track of the Chicago, Rock Island & Pacific Railway Company, in the City of Rock Island, Illinois. The Chicago, Burlington & Quincy Railroad Company had tracks immediately south of appellant's, and the Davenport, Rock Island & Northwestern Railway Company tracks were in close proximity. April 6, 1913, in the nighttime, Thomas J. Potter, the appellee, a switchman in the employ of the Rock Island Company, in the course of his employment stepped off from the footboard of an engine running east into the 8-foot space between the Rock Island

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

switch track and appellant's main track, and was struck and seriously injured by an engine of a passenger train running west on appellant's main track. He sued the four railroad companies and Sullivan, appellant's engineer, to recover for the injury. At the close of plaintiff's evidence each of the defendants moved for a directed verdict. The court denied appellant's motion, and granted that of each of the other defendants. Appellant introduced testimony in defense. At the close of the evidence the court denied appellant's motion to direct a verdict. One of $5,000 for plaintiff was returned, on which, after overruling appellant's motions for a new trial and in arrest, judgment was entered, from which this appeal is prosecuted. It is claimed that appellee at the time in question was a trespasser on appellant's right of way; that he was careless in not seeing appellant's approaching engine and avoiding the danger, and that appellant was guilty of no negligence whatever. It is also argued that the declaration charged joint negligence of all five defendants, and that there is no allegation permitting a recovery on proof of negligence of the appellant alone, and that there was prejudicial error in ruling on the evidence and instructions to the jury.

The declaration is of one count, alleging that all the defendant railroad corporations are engaged in interstate commerce and jointly owned, used, operated and maintained a certain yard in the City of Rock Island; that plaintiff was employed by the Rock Island Railway Company as switchman in said yard in interstate commerce; that it was the duty of the defendant railroad companies so using said yard to exercise reasonable care to maintain a reasonably safe place and conditions at said yard for the plaintiff to do his work there with reasonable safety; but the defendant companies failed in said city, and the C., M. & St. P. Ry. Co. (appellant) recklessly and negligently ran one of its passenger trains in charge of defendant Sullivan,

engineer, * * * over one of the tracks thereof within 8 feet of the track on which was operating the train on which plaintiff was engaged in switching, at a high and unlawful rate of speed, to wit, 35 miles per hour, in violation of an ordinance of the city prohibiting greater speed than 10 miles per hour, and without bell or engine ringing, contrary to ordinance of said city, etc., and without any headlight burning, and without any warning to plaintiff, and on to and over plaintiff who about his work was there necessarily and unavoidably without warning or knowledge of approach of train between said tracks struck and permanently injured. Each defendant pleaded the general issue, and the defendant railroad companies each filed additional pleas denying joint ownership, use, or operation of the tracks and yards. It did not appear in evidence that the four railroad companies jointly owned or operated a yard, or yards, at the place in question. That allegation, and the allegation that they were under a duty to furnish appellee a safe place to work was not sustained by the evidence. There was no relation of master and servant existing between appellant and appellee. It is not claimed by appellee that any liability arises except under our State law. The inquiry is whether appellant was guilty of negligence causing the injury, and appellee in the exercise of due care. It appeared that these several railroad companies were in the use and occupation of certain definite strips of land as rights of way; that the right of way of the Rock Island Company was north of and adjoining that of appellant. Their tracks were parallel at the place in question, with a space of 8 feet between the north rail of appellant's track and the south rail of the Rock Island track, leaving a clear space of about four feet between two engines standing or passing on the respective tracks. It had been customary for a considerable period of time before the accident for Rock Island crews to do switching at that point.

There was nothing indicating the line between appellant's and the Rock Island rights of way that a casual observer would notice. The proof affirmatively showed what would naturally be presumed under such circumstances; that the employees of the respective roads exercised no care to keep entirely on their own right of way, but moved around over the grounds as the convenience and necessity of their business required; that this had been a custom for so long a time that appellant was charged with knowledge of it. To this extent the several strips of right of way were used in common. A man could stand in the 4-foot space between engines on the opposite tracks, but he could not safely do so if they were rapidly moving. At the time in question appellee was coming from the west on an engine attached to some cars, and it was his duty to turn a switch north of his employer's track near the place in question. He rode on the south side of the engine and alighted there. There is evidence that this was according to the prevailing custom. Appellant's passenger train was coming from the east and appellee did not see it and did not hear any signal of its approach until he stepped from his engine, when his engineer called to him to look out. He was, we assume, over the line on appellant's right of way at the time although, as we have said before, there was nothing there to indicate exactly where that line was. Appellant's engineer, Sullivan, saw appellee some 150 feet before the engine struck him, but assumed that he would get out of the way, and did not slacken his speed or try to stop his engine. It is conceded that there is no charge in the declaration of wilful and wanton negligence, therefore that question is not presented. Appellee offered an ordinance of the City of Rock Island providing that no railroad corporation shall run a passenger train within the city limits at a greater speed than 10 miles per hour. The court overruled appellant's objection and it was admitted in evi-

dence. Appellant argues that it cannot reasonably be held to apply to a situation like this; that it must be taken as enacted for the benefit of people using the streets and alleys of the city, and not for the benefit of workmen employed about trains in railroad yards, or on the right of way of railroads away from streets and alleys, and invokes the rule that a party cannot avail himself of the provisions of a law or ordinance that was enacted for some purpose and object entirely other and different from that in which he was engaged. This question has been several times before this court and carefully considered and discussed. In *Chicago, & N. W. Ry. Co. v. Thomson,* 128 Ill. App. 594, 598, authorities in support of a similar contention were noted, and the court said on the authority of several cases there cited that the law was settled in this State "that workmen upon a railroad have a right to expect that the master and its other servants operating trains will obey the statute and the rules of the company and will give signals and warnings as required by the statute and such rules." In *Cook v. Chicago, R. I. & P. Ry. Co.,* 153 Ill. App. 596, in discussing the question whether such ordinances are only intended to protect the public and have no legal application to cases between the railroad company and its employees relating to injury inflicted by engines on the private grounds of the railroad company, the court reviewed the authorities and said, quoting from *Dukeman v. Cleveland, C., C. & St. L. Ry. Co.,* 237 Ill. 104: "The deceased had a right to presume that appellant would not run its train in violation of the ordinance of the city, and contributory negligence could not be imputed to her for a failure to anticipate that appellant would approach this crossing at a rate of speed prohibited by the ordinance." In *Elgin City Banking Co. v. Chicago, M. & St. P. Ry. Co.,* 160 Ill. App. 364, 375, in passing on a similar question, the court again cited several Illinois cases and said: "De-

370 · Appellate Courts of Illinois.

Potter v. Chicago, Milwaukee & St. P. Ry. Co., 208 Ill. App. 363.

ceased had a right to rely on obedience by appellant to the ordinance requiring the bell to be rung," noting that the Supreme Court had refused a certiorari in *Cook v. Chicago R. I. & P. Ry. Co., supra,* in which that law was held. In *Ehrlich v. Chicago Great Western R. Co.,* 160 Ill. App. 379, the authorities were again reviewed and it was said: "That employees and persons lawfully around tracks and trains have a right to rely upon the rules of the railroad company. * * * Have a right to expect the master and its other servants operating trains to observe ordinances and statutes, and also rules and general customs of the company." In *Lund v. Osborne,* 183 Ill. App. 63, 68, it was again said, citing authorities: "A party has a right to presume that a railway company will obey the statutes and ordinances in force in a given place." We adhere to the rule in those cases announced. The employee must regulate his conduct to conform to what he reasonably presumes will be the acts of his employer and others rightfully around him, and while laws and ordinances under consideration may not have been enacted with any view to people of his class or situation, still he is in the exercise of due care when acting on the presumption that such rules, laws and ordinances will be observed. We conclude that appellant was under a duty to appellee to not operate its train in violation of the speed ordinance at the time and place in question, and that appellee, not knowing of its speed, cannot be held negligent in not guarding himself against its approach at a rate of more than 10 miles an hour.

Appellee's evidence was to the effect that appellant's train was running at the rate of 25 to 30 miles an hour. Appellant's evidence is that it was running from 7 to 9 miles an hour. Appellant strongly insists that the weight of the evidence is decidedly against a finding that it was running in violation of the speed ordinance, and calls our attention to various facts and

circumstances, as well as the testimony of its own witnesses in support of that contention. We have carefully considered the evidence on that point and conclude that there is a conflict of such character that a jury might have reasonably believed the witnesses of either party and found accordingly; that reasonable men, from reading the record, would very likely differ in their conclusions. Therefore, we must accept the finding of the jury, indorsed by the trial court on that question. It follows that appellant must be held guilty of negligence in operating its train in violation of the speed ordinance, and we think the jury might fairly have found from the evidence, independent of the ordinance, that it was negligent in operating its train at a high rate of speed at the time and place when it was charged with knowledge that the employees of other roads might rightfully be on its right of way, and therefore in danger.

We see no grounds for holding appellee a trespasser. It was a situation in which, as a matter of course, those little strips of right of way would not and could not be held free from employees of other roads passing over and upon them. We presume it was for the mutual benefit of all the roads concerned that their employees should go upon the right of way of other roads in the course of their employment when necessity or convenience required, and under the proof of such custom and usage we think appellee had as much right to step over the invisible line of appellant's right of way as if there had been express contract that he might do so.

But it is argued that even if appellant was negligent in running its train at a high rate of speed and in violation of the city ordinance, still appellee was guilty of negligence in stepping into the open space without looking and seeing the approaching engine; that he could have seen it had he looked, or he could have alighted from the other side of his engine and

372     Appellate Courts of Illinois.

Potter v. Chicago, Milwaukee & St. P. Ry. Co., 208 Ill. App. 363.

been free from danger. It is true that he might have exercised a degree of care that would have insured his safety. There are few of the many cases in which recoveries are permitted for injuries sustained by the plaintiff in being struck by an approaching engine in which it cannot be demonstrated that he might, by carefulness, have avoided the danger and injury. It is noted, citing authorities, in *Dukeman v. Cleveland, C., C. & St. L. Ry. Co., supra,* that a failure to look and listen cannot be said to be negligence as a matter of law, since there may be many circumstances excusing such failure. In the present case the evidence showed several reasons why appellee failed to see the approaching engine. Whether they were sufficient reasons, and whether appellee was measuring up to the standard of the hypothetical prudent man, was a question of fact for the jury. We are required by law to review the facts, but must accept the conclusion of the jury indorsed by the trial court, unless in our opinion their finding is manifestly against the weight of the evidence. We conclude that we are not warranted in disturbing this finding of the jury.

It is argued by appellant that the court erred in admitting evidence of customs in operating the trains and use of the yards, being the customs hereinbefore mentioned, and it is suggested that there is no averment in the declaration of any such custom. We think this proof competent bearing not only upon the question of appellee's care, but also on the question of notice to and knowledge of appellant that appellee, or his fellow-servants, might be at the place in question. It is not material that the declaration contained no such allegation. (*Sturm v. Consolidated Coal Co.,* 248 Ill. 20, 28; *North Chicago St. R. Co. v. Irwin,* 202 Ill. 345.)

It is strongly urged that there is a variance between the declaration and the proof; that the charge is of an injury committed by five defendants, and the proof

only tends to sustain the allegation as to appellant; therefore, that the court erred in overruling appellant's motion in arrest of judgment. We do not find in the abstract that the question of variance was presented to the trial court. It is familiar law that it cannot be first raised here. But we see no reason for holding the declaration bad on motion in arrest. It contained positive allegations of appellant's negligence causing the injury and due care on the part of appellee. The proof, as we have said, supported those allegations. The injury was inflicted in the manner stated in the declaration, therefore, the case does not fall within the rule announced where the manner of inflicting the injury was materially different from that averred in the pleadings.

The court modified, and gave, as modified, appellant's ninth instruction. As offered it read:

"The jury are further instructed that the statute providing for and authorizing ordinances regulating speed and requiring warning to be given on the approach of trains within city limits are intended for the protection of persons desiring to cross the railroad in front of such approaching train on public highways, and are not intended for the protection of trespassers or persons who are upon the private right of way of a railroad company without its consent, and that as to any person upon such right of way without its consent, the railroad company owes it no duty except not to wantonly injure such person after it has actually noticed that such person is on the track in front of the approaching train; (and since there is no averment in plaintiff's declaration and no evidence in this case, that the said defendant Sullivan wantonly and intentionally ran upon the plaintiff, your verdict should find the defendant not guilty)."

The court drew his pen through the lines here inclosed in parentheses, and added the following:

"And if you believe from the evidence in this case that the plaintiff was a trespasser upon defendant's

right of way, or that he was not there by consent either express or implied from the defendant, and that defendant through its engineer did not wantonly and intentionally injure plaintiff after he saw him on defendant's right of way if you believe from the evidence he did so see him, then your verdict should be for the defendant.''

It is urged that there was material prejudicial error in the instruction as given, in putting the question to the jury whether the engineer wantonly and intentionally injured appellee, because it is said there is no averment in the declaration that he so injured him. Counsel say the error was aggravated by striking out the clause in such a way that the jury could still read it and know that the court did not approve of that statement; that the instruction was proper and should have been given as offered. The instruction should have been refused. It asked the court to direct a verdict for appellant and accompany that direction with his reasons for so doing. He had refused appellant's instruction directing a verdict offered at the close of the evidence unaccompanied by other instructions. Appellant could not require the court to pass on the same instruction again, and could not complain if it had been refused when offered with other instructions, even if it had not before been acted on. It has been repeatedly held from *Morgan v. Peet*, 32 Ill. 281, down to *Nelson v. Fehd*, 203 Ill. 120, and later cases, that it is not the duty of the court to put a bad instruction in form or modify it. But it is said appellant was entitled to an instruction that there was no averment in the declaration that its engineer wantonly and intentionally ran upon appellee. If such an instruction was desired, it should have been requested unincumbered by improper matter. The court was under no duty to so instruct of its own motion. (*Yeates v. Illinois Cent. R. Co.*, 241 Ill. 205.) ''A party cannot complain that the court has not given an instruction unless it has been prepared and tendered for that pur-

pose. * * * The only duty of the court is to give or refuse such instructions as are asked by the parties.'' *Osgood v. Skinner,* 211 Ill. 229. The court may modify or qualify an instruction as tendered, or give instruction without request, but a party cannot complain of his failure to do so. But it is said that the court in modifying the instruction treated the question whether appellant's engineer wantonly injured appellee as one at issue, when in fact it was not at issue under the pleadings. We do not think appellant can complain if there was error in that respect. It assumed in its instruction offered that such an issue was involved, and asked the court to instruct the jury that there was no evidence in support of such an allegation. It is true it asked the court to instruct that there was no allegation, but it went further and asked him to consider the evidence and determine whether there was any evidence of that character. He might well conclude if it was material whether there was any such evidence, there was enough in the record to require its submission to the jury. The practice of erasing words and clauses in modifying an instruction leaving them so they can be read by the jury has been condemned. In some instances it would be plain that it could not influence the jury, and in others it might be equally plain that it might improperly influence them. In the present case we are of the opinion there was no substantial error of the court in modifying said instruction of which appellant should be heard to complain. The court modified other of appellant's instructions intended, as offered, to advise the jury if appellee was upon appellant's right of way without appellant's consent and was struck because he was upon such right of way, he could not recover, so that they would mean, as modified and given, that such consent might be express or implied, and that the jury might consider knowledge and acquiescence in any habit and custom proven in that regard. That modi-

fication was in accordance with the views we have before expressed.

It is suggested, but not much argued, that the damages are excessive. Appellee was seriously and permanently injured and disabled, probably for life, from performing such services efficiently as he was theretofore able to perform. The damages awarded were so much within the province of the jury to determine that we would not be justified in disturbing the judgment on that ground.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*